United States District Court
Southern District of Texas
FILED

FEB 2 8 2003

Michael N. Milby
Clerk of Court

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JESUS MORENO SILVA, INDIVIDUALLY | § | |
| AND AS REPRESENTATIVE OF THE | § | |
| ESTATE OF MARIA SANTOS GARCIA | § | |
| BANDA, DECEASED; JESUS MORENO | § | |
| GARCIA, DORA MORENO GARCIA, | § | |
| BARBARA MORENO GARCIA, ADVIENTA, | § | |
| MORENO GARCIA PRADO, SABINA | § | |
| MORENO GARCIA, MONICA MORENO | § | **CIVIL ACTION NO. B3-30** |
| GARCIA, SOCORRO MORENO GARCIA | § | |
| MENDOZA, JUAN PABLO MORENO | § | |
| GARCIA, MARIA SANTOS MORENO | § | |
| GARCIA, VALERIE MORENO GARCIA, | § | **PLAINTIFFS' MOTION TO REMAND** |
| *Plaintiffs* | § | **WITH SUPPORTING MEMORANDUM** |
| VS. | § | |
| | § | |
| AIRPAX ACQUISITION, L.L.C., AIRPAX | § | |
| CORPORATION, L.L., AND AIRPAX DE | § | |
| MEXICO, S.A., | § | |
| *Defendants* | § | |

1.      Plaintiffs JESUS MORENO SILVA, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF MARIA SANTOS GARCIA BANDA, DECEASED; JESUS MORENO GARCIA, DORA MORENO GARCIA, BARBARA MORENO GARCIA, ADVIENTA, MORENO GARCIA PRADO, SABINA MORENO GARCIA, MONICA MORENO GARCIA, SOCORRO MORENO GARCIA MENDOZA, JUAN PABLO MORENO GARCIA, MARIA SANTOS MORENO GARCIA, VALERIE MORENO GARCIA, move this Court to remand this action to the State Court of Cameron County under 28 U.S.C. §1447(C).

2.      Defendants are AIRPAX ACQUISITION, L.L.C., AIRPAX CORPORATION, L.L.C., and AIRPAX DE MEXICO, S.A.

### A. INTRODUCTION

3.      On December 19, 2002, Plaintiffs sued Defendants for an accident involving a truck owned by Defendant AIRPAX CORPORATION, L.L.C. driven by an employee of AIRPAX DE MEXICO, S.A. which ran over Plaintiffs' decedent, thereby causing her death.

4.      Defendants filed their Notice of Removal January 29, 2003.

### B. ARGUMENT

5.      The Court may remand a case on the basis of any defect identified in the Motion for Remand made within thirty (30) days after the filing of Notice of Removal under 28 U.S.C. §1446(a), and 28 U.S.C. §1447(C).

6.    The Court should remand this case to state court because the parties are not diverse.  All Plaintiffs are citizens of Mexico.   Defendants claim that AIRPAX ACQUISITION, L.L.C. no longer exists, and that AIRPAX CORPORATION, L.L.C. is a citizen of the state of Delaware in the United States of America.  Defendants state that AIRPAX DE MEXICO, S.A. is "a mere department of AIRPAX CORPORATION, L.L.C."  However, Defendants in their Motion to apply Mexican law and Brief in Support, filed in the 404th Judicial District Court in Cameron County (a copy of which is attached hereto for the Court's review), and specifically at Appendix 5, Defendants attach the Articles of Incorporation of AIRPAX DE MEXICO, S.A. and state, at page 3 of the Motion: "AIRPAX DE MEXICO, S.A. is a wholly owned subsidiary or department of AIRPAX CORPORATION, L.L.C., but is organized under  the laws of Mexico and engaged wholly in business in Mexico."  Tab 5 are the Articles of Incorporation of Airpax de Mexico in the Republic of Mexico.

7.    Plaintiffs submit that Defendants should not be allowed to have it both ways.  For the purpose of their Motion to apply Mexican law to this case involving a truck with a Texas license plate, Defendants want AIRPAX DE MEXICO, S.A. to be a Mexican citizen, but yet for the purpose of removal, they want Defendant AIRPAX DE MEXICO, S.A. to be a "mere department" of AIRPAX CORPORATION, L.L.C.

8.    The presence of aliens on both sides of this controversy destroys diversity.  See Giannakos v. M/E Bravo Trader, 762 F.2d 1295, 1298 (5th Cir. 1985) (holding that diversity does not exist where aliens are on both sides of litigation.)

## C.  CONCLUSION

9.    For the reasons set out above, Plaintiffs ask the Court to grant their Motion to Remand this case to the District of Cameron County, Texas; Cause No. 2002-12-5078-G in the 404th Judicial District Court where it was originally filed and award Plaintiffs their costs and attorneys' fees.

Dated this the 28th day of February, 2003.

Respectfully submitted,

LAW OFFICE OF RAMON GARCIA, P.C.
222 W. University Drive
(956) 383-7441 and (956) 381-0825 (Telefax)

By _____
        CATHERINE W. SMITH
        STATE BAR NO. 18547080
        SDT BAR NO. 19360

OF COUNSEL:
RAMON GARCIA
STATE BAR NO. 07641800
SDT Bar No. 3936

## CERTIFICATE OF SERVICE

I, CATHERINE W. SMITH, do hereby certify that on this the 28th day February, 2003,  a true and correct copies of the above and foregoing Plaintiffs' Motion to Remand was sent United States Certified Mail, return receipt requested to:

Mr.  F. Edward Barker
**BARKER, LEON, FANCHER & MATTHYS, L.L.P.**
Tower II – Suite 1200
555 North Carancahua Street
Corpus Christi, Texas   78478

CATHERINE W. SMITH

CAUSE NO. 2002-12-5078-G

| | | |
|---|---|---|
| JESUS MORENO SILVA, INDIVIDUALLY | § | IN THE DISTRICT COURT |
| AND AS REPRESENTATIVE OF THE | § | |
| ESTATE OF MARIA SANTOS GARCIA | § | |
| BANDA, DECEASED; JESUS MORENO | § | |
| GARCIA, DORA MORENO GARCIA | § | |
| BARBARA MORENO GARCIA, ADVIENTA | § | |
| MORENO GARCIA PRADO, SABINA | § | |
| MORENO GARCIA, MONICA MORENO | § | |
| GARCIA, SOCORRO MORENO GARCIA | § | |
| MENDOZA, JUAN PABLO MORENO | § | |
| GARCIA, MARIA SANTOS MORENO | § | |
| GARCIA, VALERIE MORENO GARCIA, | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | CAMERON COUNTY, TEXAS |
| | § | |
| AIRPAX ACQUISITION, L.L.C., AIRPAX | § | |
| CORPORATION, L.L.C., AND AIRPAX DE | § | |
| MEXICO, S.A., | § | |
| Defendants | § | 404TH JUDICIAL DISTRICT COURT |

## DEFENDANT'S MOTION TO APPLY MEXICAN LAW
## AND BRIEF IN SUPPORT

Comes now Defendants Airpax Acquisition, LLC, Airpax Corporation, LLC, and Airpax De

Mexico, S.A. and files this it Motion to Apply Mexican Law and in support thereof would show the

following:

### I. Applicability of Mexican Law.

In all conflicts cases sounding in tort, the Texas courts apply the law of the forum with the

most significant relationship to the occurrence and the parties. *Gutierrez v. Collins*, 583 S.W.2d 312,

318 (Tex.1979); *Duncan v. Cessna Aircraft Company*, 665 S.W.2d 414, 421 (Tex.1984). The "most

significant relationship test" is applied to wrongful death cases. *Total Oilfield Services, Inc. v. Garcia*, 711 S.W.2d 237, 239 (Tex.1986). The relevant contacts to be considered in determining which forum has the most significant relationship are: (1) the place where the injury occurred, (2) the place where the conduct causing the injury occurred, (3) the domicile, residence, nationality, place of incorporation, and place of business of the parties, and (4) the place where the relationship between the parties is centered. *See Rodriguez Diaz*, 1987 WL 275695, 1987 U.S. Dist. LEXIS 13399, at *4-5.

Mexican law has been ruled to be adequate in a wrongful death action. *See Aguilar*, 806 F.Supp. at 143; *David Rodriguez Diaz v. Mexicana de Avion, S.A.*, No. SA-86-CA-1065, 1987 WL 275695, 1987 U.S. Dist. LEXIS 13399, at *4-9 (W.D. Tex. Jan 23, 1987), *aff'd mem.* 843 F.2d 498 (5th Cir.1988), *cert. denied*, 488 U.S. 826, 109 S.Ct. 76, 102 L.Ed.2d 53 (1988). Mexico recognizes wrongful death actions. *See David Rodriguez Diaz*, 1987 WL 275695, 1987 U.S. Dist. LEXIS 13399, at *8, citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 254-55, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981). The *Rodriguez Diaz* court specifically ruled that the fact that a plaintiff may recover less in a wrongful death action in Mexico than in the United States does not render that system of laws inadequate. *Id.*

Attached hereto and incorporated by is the Defendant's Appendix to the Motion to Apply Mexican law. This appendix contains the translation of the Mexican court proceedings against the driver of the truck, Magdeleno Muniz. The accident and all the events regarding liability in this

Motion to Apply Mexican Law Page 2

accident occurred in Mexico.[1]  The individual decedent was a Mexican citizen as are her husbands

and son.[2]  Per the Plaintiffs' petition all of the plaintiffs reside in or are citizens of Mexico.[3]  The

driver of the truck is a Mexican citizen and employed by Airpax de Mexico.[4]  Airpax de Mexico is

wholly owned subsidiary or department of Airpax, LLC, but it is organized under the laws of Mexico

and engaged wholly in business in Mexico.[5]  Given these facts, the most significant relationship test

clearly mandates the application of Mexican law to this situation.

      The court, and not a jury, determines the laws of foreign countries. Tex. R. Evid. 203. A party

who intends to raise an issue about foreign law shall give notice, and, at least thirty days before trial,

shall furnish all parties copies of any written materials or sources the party intends to use to as proof

of foreign law. Tex. R. Evid. 203.  If the materials or sources were originally written in a language

other than English, the party relying upon them shall furnish all parties both a copy of the foreign-

language text and an English translation. Tex. R. Evid. 203.  Defendant Airpax will fully comply

with the requirements of the rules of evidence concerning this matter and will present expert

testimony regarding the laws of Mexico to aid in the court's determination.

---

[1] Appendix 2, fact investigation.

[2] Appendix 2, fact investigation; Appendix 3, statement of Elias Limas; Appendix 6, statement of Jesus Moreno Silva, Appendix 7, statement of Juan Moreno.

[3] Appendix 13, Plaintiff's Original Petition.

[4] Appendix 2, fact investigation; Appendix 9, Verification of employment.

[5] Appendix 5, Excerpt Articles Incorporation Airpax de Mexico.

## II. Conclusion

Wherefore, Premises considered, Defendant Airpax Corporation, L.L.C. prays that this court enter an order applying Mexican Law to the facts of this case and for such further relief as Defendant may be entitled under aw or equity.

Respectfully submitted,

F. Edward Barker
State Bar No. 01741000
Stephen J. Chapman
State Bar No. 24001870

BARKER, LEON, FANCHER & MATTHYS, LLP.

Tower II, Suite 1200
555 N. Carancahua St.
Corpus Christi, Texas 78478
(361) 881-9217; FAX: (361) 882-6590


Antonio Martinez
Martinez & Barrera, L.L.P.
1201 E. Van Buren
Brownsville, Texas 78520
Co-Counsel for Defendants

Motion to Apply Mexican Law Page 4

## CERTIFICATE OF SERVICE

I, certify that a true and correct copy of the foregoing instrument was forwarded to all counsel of record, in the manner set forth below, on this the 28th day of January, 2003.

**CMRRR # 7002 2410 0003 6795 4040**
Catherine W. Smith
Law Office of Ramon Garcia, P.C.
222 West University Drive
Edinburg, Texas 78539

Stephen J. Chapman

Motion to Apply Mexican Law Page 5

CAUSE NO. 2002-12-5078-G

| | | |
|---|---|---|
| JESUS MORENO SILVA, INDIVIDUALLY | § | IN THE DISTRICT COURT |
| AND AS REPRESENTATIVE OF THE | § | |
| ESTATE OF MARIA SANTOS GARCIA | § | |
| BANDA, DECEASED; JESUS MORENO | § | |
| GARCIA, DORA MORENO GARCIA | § | |
| BARBARA MORENO GARCIA, ADVIENTA | § | |
| MORENO GARCIA PRADO, SABINA | § | |
| MORENO GARCIA, MONICA MORENO | § | |
| GARCIA, SOCORRO MORENO GARCIA | § | |
| MENDOZA, JUAN PABLO MORENO | § | |
| GARCIA, MARIA SANTOS MORENO | § | |
| GARCIA, VALERIE MORENO GARCIA, | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | CAMERON COUNTY, TEXAS |
| | § | |
| AIRPAX ACQUISITION, L.L.C., AIRPAX | § | |
| CORPORATION, L.L.C., AND AIRPAX DE | § | |
| MEXICO, S.A., | § | |
| Defendants | § | 404TH JUDICIAL DISTRICT COURT |

## APPENDIX TO DEFENDANTS MOTION TO APPLY MEXICAN LAW

Respectfully submitted,

F. Edward Barker
State Bar No. 01741000

Stephen J. Chapman
State Bar No. 24001870

BARKER, LEON, FANCHER & MATTHYS, LLP.

Tower II, Suite 1200
555 N. Carancahua St.
Corpus Christi, Texas 78478
(361) 881-9217; FAX: (361) 882-6590

# APPENDIX TABLE OF CONTENTS

1.  **AFFIDAVIT OF TRANSLATION**

2.  **FACT INVESTIGATION AND AUTOPSY PROCEEDINGS**

3.  **STATEMENT OF ELIAS LIMAS (HUSBAND)**

4.  **STATEMENT OF PARDON FROM ELIAS LIMAS**

5.  **EXCERPTS OF ARTICLES OF INCORPORATION OF AIRPAX DE MEXICO AND POWER OF ATTORNEY**

6.  **STATEMENT OF JESUS MORENO SILVA (HUSBAND) AND PARDON**

7.  **STATEMENT OF JUAN MORENO GARCIA (SON)**

8.  **STATEMENT OF MAGDALENO ALCOCER MUNIZ (DRIVER AIRPAX DE MEXICO)**

9.  **VERIFICATION OF EMPLOYMENT OF MAGDALENO MUNIZ WITH AIRPAX DE MEXICO**

10. **EXCERPT OF JUDGMENT REFERENCING REPARATION OF DAMAGES BY MUNIZ TO ELIAS LIMAS AND JESUS SILVA**

11. **ELIAS LIMAS REPARATION OF DAMAGES SETTLEMENT AGREEMENT**

12. **JESUS MORENO SILVA REPARATION OF DAMAGE SETTLEMENT AGREEMENT**

13. **PLAINTIFF'S ORIGINAL PETITION**

# TAB 5

*JESSICA DEYTZ GUEVARA ESQ.*
Principal
H. MATAMOROS, TAMAULIPAS

The Notaries shall insert this article in the records of the powers of attorney granted before them.-

The officers before whom the grantors and the witnesses ratify their signatures shall do the same at the bottom of the instrument, and before the ratifying signatures in the event that the interested parties have not inserted it in the document, pursuant to section II of Article 1887 in relation to 1891.

**************************B**************************

## RELEVANT PART OF THE ARTICLES OF INCORPORATION OF THE COMMERCIAL CORPORATION NAMED "AIRPAX DE MEXICO", A VARIABLE STATED CAPITAL CORPORATION.———

VOLUME THREE.- RECORD NUMBER EIGHTY FIVE.- In the Heroic City of Matamoros, Tamaulipas, Estados Unidos Mexicanos, at 10:00 AM on November 17 of 1988, BEFORE ME RICARDO ESPINOZA VALERIO, Esq., Notary Public No. 7 practicing in this Fifth Judicial District, personally appeared Mr. HUMBERTO GAYOU MADRIGAL, in his capacity as Special Attorney in Fact for the Corporation named AIRPAX CORPORATION; Mr. CARLOS MANUEL MARTINEZ RAMIREZ, in his capacity as Special Attorney in Fact for Mr. THOMAS W. COUGHLIN; Mr. DANIEL BASURTO GONZALEZ, Special Attorney in Fact for Mr. ROBERT HAMILTON; Mr. ARMANDO GUTIERREZ CRUZ as Special Attorney in Fact for Mr. ROBERT W. KEENEY; Mr. VICTOR ESCOTO ZUBIRAN as Special Attorney in Fact for Mr. HARRY F. RICE, and they state:.- that they appear for the purpose of recording by this instrument, THE INCORPORATION OF THE COMPANY NAMED "AIRPAX DE MEXICO", A VARIABLE STATED CAPITAL CORPORATION, pursuant to the following: DECLARATIONS.

I.- The parties making their appearance state that for this proceeding they have requested from the Foreign Affairs Secretariat the corresponding permit to incorporate this company, a document that I, the Notary, have before me, I attest.....Permit number .-071459. – File number-09/42777/88. Folio number 97669, Tlatelolco, Mexico City, November 10, 1988. II.- The parties appearing add that for the purpose of formalizing incorporation of the company they approve the following CLAUSE. ONLY. The Company named AIRPAX CORPORATION and Messrs. THOMAS W. COUGHLIN, ROBERT T. HAMILTON, ROBERT W. KEENEY and HARRY F. RICE hereby incorporate a Corporation of Variable Stated Capital which shall operate in accordance with the following bylaws, and in those cases not provided for therein, by the applicable provisions of the General Law of Corporations.- BYLAWS – CHAPTER ONE.- NAME, OBJECT, DOMICILE, DURATION AND NATIONALITY.--------------

ARTICLE ONE.-NAME -------------------------------------------------

This is a Corporation of a commercial nature, established in accordance with the Laws of the Mexican Republic, shall be called AIRPAX DE MEXICO, and this denomination shall be followed by the words SOCIEDAD ANONIMA DE CAPITAL VARIABLE (VARIABLE STATED CAPITAL CORPORATION), or its abbreviation S.A. de C.V..---

ARTICLE TWO.- PURPOSE OF THE CORPORATION.-------

a) To operate as an Exporting Maquiladora pursuant to the provisions of Articles 58 section IV, 78 and 84, and related others from the Customs Law of the United Mexican States and its Regulations, and the Decree for the Development and

*JESSICA DEYTZ GUEVARA ESQ.*
Principal
H. MATAMOROS, TAMAULIPAS

Operation of the Exporting Maquiladora Industry, for the purpose of the company undertaking production, manufacturing, assembly and repairs of all sort of products and services and specially assembly, manufacturing, repair, maintenance, service and the general handling of electric and electronic items, plastic and metal, ceramic, made of all types of wood, and similar..- b) To enter into "maquila" contracts with domestic and foreign companies to produce the articles they order, utilizing equipment, materials, and components furnished by the contracting companies, and the exportation of said production. C) Commerce in general, including but without being limited to, the acquisition, importation, exportation and distribution of all type of products and merchandise, by itself or on behalf of third parties, or the promotion, organization and management of all types of Commercial or Civil corporations; e) To obtain the registration of brands, commercial names, and acquiring and selling all sort of industrial property rights and intellectual rights; as well as obtaining and issuing licenses or permits for the use and exploitation of all kinds of industrial property rights and intellectual rights; f) To obtain and grant loans, with or without guarantees, and for issuing, accepting, guaranteeing, acquiring, endorsing, and in general transferring any type of negotiable instruments in accordance with the law, as well as guaranteeing, in any manner whatsoever, obligations of third parties; g) To acquire property, leasing, possessing or utilizing under any title, all manner of installations, raw materials, movable or immovable assets that may be necessary to

10

perform corporate activities;- h) Representing physical persons or corporations, national or foreign, as well as organizing or participating by the subscription of shares and corporate parts that may be related to the purpose of the corporation;- I) In general, whether within or without the Mexican Republic, on its own behalf or on behalf of third parties, to enter into any type of agreements, contracts, whether civil war commercial, principle or accessory, or of any other nature in accordance to Law.--------------------------------------------------------------

ARTICLE THREE. ADDRESS.---------------------------------

The address of the Corporation shall be the City of MATAMOROS, State of TAMAULIPAS, notwithstanding the agencies, branches, correspondents or representation it establishes or may establish in any other location of the Mexican Republic or abroad, and without prejudice to the authority of the Board of Directors or the Sole Administrator, whichever the case may be, of designating conventional addresses for concrete acts or operations.------------------------------------------

ARTICLE FOUR.- DURATION .---------------------------------

The duration of the Corporation shall be of NINETY NINE YEARS starting on the date of execution of this instrument.-----------------------------------

ARTICLE FIVE.- NATIONALITY ---------------------------------

The corporation shall be strictly Mexican, and therefore it is agreed by this article that: - "ANY FOREIGNER, THAT AT THE TIME OF INCORPORATION, OR LATER, ACQUIRES AN INTEREST OR A PARTICIPATION IN THE CORPORATION, SHALL BY THAT SIMPLE FACT BE CONSIDERED MEXICAN IN REFERENCE TO ONE OR THE

11

*JESSICA DEYTZ GUEVARA ESQ.*
Principal
H. MATAMOROS, TAMAULIPAS

OTHER, WITH THE UNDERSTANDING THAT IT MEANS NOT INVOKING THE PROTECTION OF THEIR GOVERNMENT, SUBJECT TO THE PENALTY, IN CASE OF NONCOMPLIANCE WITH THIS AGREEMENT, OF LOSING SAID INTEREST OR PARTICIPATION TO THE MEXICAN NATION" – The foregoing shall be recorded in the shares issued for this purpose. ————————————

ARTICLE TWO.- CAPITAL AND SHARES.————————

ARTICLE SIX.- CAPITAL .————————————

The capital of the corporation is variable. The minimum fixed capital is 1,000,000 pesos of the National Currency, entirely subscribed and paid in cash. The maximum capital is unlimited.————————————

ARTICLE SEVEN.- ABOUT SHARES.————————

The minimum equity is represented by nominal common and fully paid shares that constitute the fixed non-redeemable portion, the variable portion shall be unlimited. – Both the fixed and variable portions are represented by shares, with a par value of 1,000.00 pesos National Currency each, distributed in the following series: a) Shares Series "A" that shall always constitute the minimum equity of the Corporation. – b) .- Shares Series "B" that shall always constitute the variable equity of the Corporation. – Both the shares Series "A" and Series "B" are ordinary common shares and grant their holders equal rights and obligations and are indivisible with respect to the Corporation. – c) .- Shares Series "C" that shall always be variable equity shares of the corporation and that for all legal purposes shall be issued with special characteristics or restrictions."---

12

## ARTICLE FIFTEEN. – AUTHORITY OF THE SOLE ADMINISTRATOR OR THE BOARD OF DIRECTORS. – — ——

The Sole Administrator or the Board of Directors shall represent the Corporation as shall be endowed with the widest authority granted by Law, and shall be able to undertake matters pertaining to the Corporation, enter into contracts on its behalf, subject only to the liability applicable by law.————————————————————————

————————————————To further clarify, the Sole Administrator or the Board of Directors, shall have all the powers of the grantee of a General Power of Attorney, and therefore shall be able to undertake all sort of operations on behalf of the Corporation, without any limitation, and within the scope provided for by Article 2554 of the Civil code for the Federal District and 1890 of the Civil Code for the State of Tamaulipas. ————————————————————————

The sole administrator or the board of directors shall therefore be invested with, but not limited to, all the powers listed below:

**a) GENERAL POWER OF ATTORNEY FOR LITIGATION AND COLLECTIONS.**

To appear before also sort of persons, judicial, administrative, civil, criminal, and labor authorities, local, state, and federal, with all general and special powers, even those that require a special clause or mention, without any limitation

13

*JESSICA DEYTZ GUEVARA ESQ.*
Principal
H. MATAMOROS, TAMAULIPAS

Whatsoever, pursuant to the provisions of the first paragraph of Article 2554 of the Civil Code the Federal District and Article 1890 of the Civil code of the State of Tamaulipas, with all the general and specific powers provided by law and referred to by Article 2587 of the Civil Code of the Federal District, and is the correlated Article 1922 of the Civil Code for the State of Tamaulipas, and their correlated articles in the other Federal Entities. They shall have the authority, including but not limited to, to initiate, litigate and desist from a constitutional relief action, as well as to file lawsuits, complaints, and to act as civil prosecutors before the Public Prosecutor, and any powers required in any kind of criminal matter. ——

b) **GENERAL POWER OF ATTORNEY FOR ADMINISTRATIVE MATTERS.**

Pursuant to the terms of Section Two of Article 2554 of the Civil Code for the Federal District and 1890 of the Civil Code for the State of Tamaulipas, authorized in this respect to manage the assets and business of the corporation, with all general and special powers, even those that pursuant to law require a special mention or clause, without any limitation whatsoever.————————————————————————————————————

c).- **GENERAL POWER OF ATTORNEY FOR ACTS OF OWNERSHIP.** ————————————————————————————

Pursuant to the terms of Section Three of Article 2554 of the Civil Code for the Federal District and 1890 of the Civil code for the State of Tamaulipas,

14

They are authorized to perform acts of Ownership in reference to the assets and rights of the Corporation, such as selling, encumbering, etc., including those acts that according to law require a special clause, without any limitation whatsoever. --------
---------------------

### d).- GENERAL POWER OF ATTORNEY TO REPRESENT THE OWNER .-

Before all sort of Local or Federal authorities, pursuant to the terms of and for the same effect as articles eleven, forty-six, forty-seven, 132 sub sections one, two and three, 786, 787, 873, 874, 876, 878, 880, 883, an 884 of the Federal Labor Law, in effect since May 1 of 1970. The designated attorney in fact may act before or against the unions with which the principal has collective bargaining agreements and for all effects in individual conflicts; in general to act in all management-labor matters and may exercise his authority before any of the Labor Authorities and Social Services referred to in article 523 of the Federal Labor Law ; he may also appear before the Conciliation Boards and Conciliation and Arbitration Boards, be they local or federal; as a result, he shall represent the owner for the purposes of articles eleven, 46 and 47 of said Law, as well as being the attorney in fact of the company for the purpose of proving the legal standing and capacity in a lawsuit or

15

*JESSICA DEYTZ GUEVARA ESQ.*
Principal
H. MATAMOROS, TAMAULIPAS

outside of same, pursuant to article 692, subsections two and three of the same Law, he may appear to give testimony pursuant to the terms of articles 787, and 788 of the Federal Labor Law with the capacity to give testimony in all its parts; he may designate addresses to receive service of process pursuant to article 866, he may appear with all legal and sufficient representation, in attending the hearing provided for in article 873 and in its three stages of conciliation, affirmative defenses, and offer and admission of evidence, pursuant to article 875 , 876 , subsections one and six, 877, 878, 879 and 880; he may also appear in an evidentiary hearing, pursuant to article 873 and 874, likewise he is granted authority to propose conciliatory agreements, perform transactions to make any kind of decisions, to negotiate and subscribe any labor agreements, he may at the same time act as representative of the company as its administrator, in relation to any and all type of legal and labor proceedings filed before any and all the authorities, at the same time he may enter into and terminate labor contracts.

c).- TO ISSUE,   SUBSCRIBE, GRANT, ENDORSE, RELEASE, GUARANTEE, AND IN ANY OTHER WAY NEGOTIATE, MAKE AND EXECUTE NEGOTIABLE INSTRUMENTS, pursuant to the terms of article nine of the General Law of Negotiable Instruments and Transactions.------------------------ -------------------------------

f).- DESIGNATE AND REMOVE THE MANAGER OR MANAGERS OF THE CORPORATION AND DETERMINE THEIR ATTRIBUTIONS, OBLIGATIONS AND REMUNERATION.-------------

g).- TO ACT IN THE PERFORMANCE OF HIS DUTIES THROUGH DELEGATES DESIGNATED AMONG ITS MEMBERS, OR THROUGH ITS PRESIDENT IN THE EVENT THAT MANAGEMENT IS ENTRUSTED TO A BOARD OF DIRECTORS.------------------

h.) -TO CARRY OUT THE RESOLUTIONS OF THE BOARD, INTERPRET THEM AND REMOVE TO BETTER APPLY AND COMPLY.------- ----------------------------------------------------------

i.) -TO CHANGE HIS ATTRIBUTIONS expressly reserving the right to recover them and TO GRANT POWERS OF ATTORNEY with the powers that in each case are deemed appropriate, from those pertaining to the Board or the Administrator, as well as to REVOKE POWERS OF ATTORNEY GRANTED BY THE CORPORATION..----------------------

j.) The powers mentioned above may in any event be limited by the Shareholders General Assembly.----------------------------------------------

In the event that the Administration is entrusted to a Board of Directors, the Chairman of the Board shall act in representation of same, without prejudice to the delegation of powers that the Board of Directors may deem appropriate to make to any of its members.------------------------

**TRANSITORY. – SECOND. – THE FOUNDING SHAREHOLDERS, GATHERED AT THE FIRST REGULAR SHAREHOLDERS MEETING,**

*JESSICA DEYTZ GUEVARA ESQ.*
Principal
H. MATAMOROS, TAMAULIPAS

ADOPTED THE FOLLOWING RESOLUTIONS:- c).- A general power of attorney is granted to Messrs. EDUARDO RAMOS GOMEZ, ALEJANDRO TOULET LAZOS, NELSON DEYTZ GUEVARA,..., with the following attributions: - a) GENERAL POWER OF ATTORNEY FOR LITIGATION AND COLLECTIONS. To appear before also sort of persons, judicial, administrative, civil, criminal, and labor authorities, local, state, and federal, with all general and special powers, even those that require a special clause or mention, without any limitation whatsoever pursuant to the provisions of the first paragraph of Article 2554 of the Civil Code the Federal District and Article 1890 of the Civil code of the State of Tamaulipas, with all the general and specific powers provided by law and referred to by Article 2587 of the Civil Code of the Federal District, and is the correlated Article 1922 of the Civil Code for the State of Tamaulipas, and their correlated articles in the other Federal Entities. They shall have the authority, including but not limited to, to initiate, litigate and desist from a constitutional relief action, as well as to file lawsuits, complaints, and to aact as civil prosecutors before the Public prosecutor and any powers required in any kind of criminal matter. b) GENERAL POWER OF ATTORNEY FOR ADMINISTRATIVE MATTERS.- Pursuant to the terms of Section Two of Article 2554 of the Civil Code for the Federal District and 1890 of the Civil Code for the State of Tamaulipas, authorized in this respect to manage the assets and business

of the corporation, with all general and special powers, even those that pursuant to law require a special mention or clause, without any limitation whatsoever.- c).- GENERAL POWER OF ATTORNEY TO REPRESENT THE OWNER .- Before all sort of Local or Federal authorities, pursuant to the terms and for the same effect of articles eleven, forty-six, forty-seven, 132 sub sections one, two and three, 786, 787, 873, 874, 876, 878, 883, an 884 of the Federal Labor Law, in effect since May the first of 1970. The designated attorney in fact may act before or against the unions with which the principal has collective bargaining agreements and for all effects in individual conflicts; in general to act in all management-labor matters and may exercise his authority before any of the Labor Authorities and Social Services referred to in article 523 the Federal Labor Law; he may also appear before the Conciliation Boards and Conciliation and Arbitration Boards, be they local or federal; as a result, he shall represent the owner for the purposes of articles eleven, 46 and 47 of said Law, as well as being the attorney in fact of the company for the purpose of proving the legal standing and capacity in a lawsuit or outside of same, pursuant to articles 692, subsections two and three of the same Law.----------

19

*JESSICA DEYTZ GUEVARA ESQ.*
Principal
H. MATAMOROS, TAMAULIPAS

d) Power to grant general and special powers of attorney ant to revoke either one; it is expressly stated as a limitation to the authority granted that the grantees may not assign assets.----------------------------------------------------------------

***************************** "C" *****************************

   RELEVANT PART OF PUBLIC INSTRUMENT NUMBER 642 THAT CONTAINS THE GENERAL POWER OF ATTORNEY GRANTED TO MR. OSWALDO NEPOMUCENO MAYO, ESQ..-----

------------------------VOLUME XXII -----------------------------

-------------------RECORD NUMBER 642------------------------

        In the Heroic City of Matamoros, State of Tamaulipas, United Mexican States, at 9:00 a.m. on **Thursday October 12 1995**, before me, **JESSICA LILIA DEYTZ GUEVARA, SQ.,** Notary Public Number 62, practicing in this Fifth Judicial District, appears Atty. **OSWALD NEPOMUCENO MAYO**, in his capacity as delegate of the annual shareholders meeting of the Commercial Corporation named **"AIRPAX DE MEXICO" SOCIEDAD ANONIMA DE CAPITAL VARIABLE,** for the purpose of **NOTARIZING AND RATIFYING** the resolutions adopted by the annual shareholders meeting of July 5 1995, wherein it was **RESOLVED:**--------------------------------------------------------------

3.      Granting of Powers of Attorney.----------------------------------------

4.      Miscellaneous related matters --------------------------------------

--------------------------D E C L A R A T I O N S ----------------------------

FIRST.- The party making an appearance states that the commercial Corporation

20

named **AIRPAX DE MEXICO, SOCIEDAD ANONIMA DE CAPITAL VARIABLE** was incorporated on November 17 1988, by means of Public Instrument Number 85, Volume III dated November 17 1988, attested to by Ricardo Espinosa Valerio, Esq., Notary Public Number 7 practicing in this Fifth Judicial District, instrument that was duly **recorded in the Public Property Registry of this City, Commercial Section, under number 4,950, Folio 3,275 of Book 74 dated January 16 1989.**—————

SECOND.-    To conclude, the appearing party states that on July 5 1995 the annual meeting of shareholders of **AIRPAX DE MEXICO, SOCIEDAD ANONIMA DE CAPITAL VARIABLE** took place, and to prove it, the appearing party presents, and I the Notary attest having before me, the book of minutes of this corporation, which has the following on page one:——————————————————

In the center of the page it reads: BOOK AUTHORIZATION.- Number Fed. Reg.- AME-881117.- Principal Airpax De Mexico, S.A. de C.V. .- Type of Book: Meeting Minutes.- Book Num. in its class:.- Useful folios: from 1 to 96.- The Office Chief.——————————————————————————

**Said Minutes appear in the aforementioned book, on page 32V**

*JESSICA DEYTZ GUEVARA ESQ.*
Principal
H. MATAMOROS, TAMAULIPAS


 (32 back), which reads literally in its relevant parts:------

   In the Heroic City of Matamoros, State of Tamaulipas, at 10:00 a.m. on July 5 1995, the shareholders of the commercial corporation named "AIRPAX DE MEXICO, S.A. DE C.V." met through their attorneys in fact for the purpose of holding a general shareholders meeting of said company. C.P.D. Luis Carlos Ramirez Torres was also present representing Messrs. Dennis K. Karr, Doug Stoehr, Warren T. Oates, Jr. and Joe Misenti.--------

   Mr. or Manuel Escoto Zubiran, Esq. chaired the meeting, and Mr. Nelosn Deytz Guevara Esq. acted as secretary, both having been unanimously elected by all attendees to occupy said positions.---------------

   The chairman of the meeting appointed Luís Octavio Rodriguez Gonzalez and Oswaldo Nepomuceno Mayo, Esqs. as vote inspectors, who, after accepting their appointments, proceeded to review the shareholders registry book and the powers of attorney by which the attendees represented the shareholders of the corporation, and to count the number of shares they represent at this meeting. The vote inspectors informed the chairman that those present represented the shareholders listed below and the number of shares specified next to their names-----

-------------------------------------------------------------------------------------------

22

| SHAREHOLDER | REPRESENTED BY | NO. OF SHARES |
|---|---|---|
| Airpax | Victor M. Escoto | 996 Series "A" |
| Corporation | Zubiran, Esq. | 4,488,332 Series "B" |
| Larry D. Leonard | Nelson Deytz Guevara, | 1 Series"A" |
| | Esq.----------------------- | ----------------------- |
| Robert T. Hamilton | Luis O. Rodriguez | 1 Series "A" |
| | Gonzalez--------------- | --------------------------- |
| | | - |
| Dennis K. Karr | Oswaldo Nepomuceno | 1 Series "A" |
| | Mayo------------------- | --------------------------- |
| Doug Stoehr | Alejandro Solis | 1 Series "A" |
| | Vazquez---------------- | --------------------------- |

**TOTAL:**       **1,000 Series "A"**

**4,488,332 Series "B"**

After reviewing the calculations of the vote inspectors, the chairman declared the meeting officially opened, stating that the requirement of a previous meeting was not necessary since the totality of the shareholders of the company were represented.------------------------------------------------------------------------------------

Next the following agenda was read by the secretary and approved by all present:------------------------------------------------------------------------------------------

## AGENDA

3.      Granting of powers of attorney.----------------------------------

4.      Miscellaneous matters related to the foregoing.- Next, those present proceeded to discuss each of the items on the agenda as follows: ------ ------------------------------------------------------

3.      <u>Granting of powers of attorney</u>.----------------------------------

To consider the third item on the agenda, the chairman of the

23

*JESSICA DEYTZ GUEVARA ESQ.*
Principal
H. MATAMOROS, TAMAULIPAS

meeting proposed to those present to grant Messrs. Victor Manuel Escoto Zubiran, Nelson Deytz Guevara, Octavio Rodriguez Gonzalez, Oswaldo Nepomuceno Mayo,Esqs. as well as *C.P.D.s* Hugo Gilberto Nieto Vela, Luis Carlos Ramirez Torres, Carlos Arturo Porras Garcia, Alfonso Enrique Castillo Ramirez and Alejandro Solis Vazquez a general power of attorney for litigation and collections and labor management, to be exercised jointly or severally on behalf of the corporation.-------------------------------------------------------------------

After brief discussion of this item, the following resolutions were adopted by those present:-------------------------

## RESOLUTIONS

IT IS RESOLVED to grant Messrs. Victor Manuel Escoto Zubiran, Nelson Deytz Guevara, Octavio Rodriguez Gonzalez, Oswaldo Nepomuceno Mayo,Esqs. as well as C.P.D.s Hugo Gilberto Nieto Vela, Luis Carlos Ramirez Torres, Carlos Arturo Porras Garcia, Alfonso Enrique Castillo Ramirez and Alejandro Solis Vazquez a general power of attorney for litigation and collections and labor management subject to the following terms: ----------------------------------------------
---------------------------------

## GENERAL POWER OF ATTORNEY FOR LITIGATION AND COLLECTIONS.

To be exercised and to appear jointly or severally before any persons, judicial, administrative, civil, criminal, and labor authorities, local, state, and federal, with all general and special powers, even those that require a special clause or mention, without any limitation whatsoever pursuant to the provisions of the first paragraph of Article 1890 of the Civil code of the State of Tamaulipas and its correlated Article 2554 of the Civil Code the Federal District. They shall have the

authority to initiate and carry out a constitutional relief action and to desist thereof. Likewise, they are granted the express authority to files suits, complaints, and to act as civil prosecutor before the Public prosecutor with all the appropriate authority in all criminal matters.------------------------------------------------

This power of attorney is granted with the express limitation that the attorneys in fact herein designated ARE NOT AUTHORIZED TO PERFORM THOSE ACTS OF OWNERSHIP specified in the third paragraph of Article 1890 of the Civil Code of the State of Tamaulipas and is the correlated Article 2554 of the Civil Code of the Federal District.--------------------------

## POWER OF ATTORNEY TO REPRESENT THE OWNER

To appear jointly or severally before any labor authorities of any kind and anywhere within the Republic of Mexico, pursuant to the terms of and for the same effect of articles 11, 46, 47, 134 sub section three, 523, 692, sub sections I, II and III, 786, 787, 873, 874, 876, 878, 880, 883, and 884 of the Federal Labor Law. The above mentioned attorneys in fact may act before or against the unions with which "AIRPAX DE MEXICO, S.A. DE C.V" has collective bargaining agreements and may use this capacity in all manner of labor conflicts, collective or individual, they may act in all management-labor matters and may exercise their authority before any of the Labor Authorities and Social Services referred to in article 523 the Federal Labor Law and also before the NATIONAL WORKERS HOUSING FUND "INFONAVIT",

25

*JESSICA DEYTZ GUEVARA ESQ.*
Principal
H. MATAMOROS, TAMAULIPAS

MEXICAN SOCIAL SECURITY ADMINISTRATION "IMSS", NATIONAL WORKERS FUND FOR DEVELOPMENT "FONACOT" and LABOR AND SOCIAL BENEFITS SECRETARIAT "STPS". They may also appear before the Conciliation and Arbitration Boards, be they local or federal; as a result, they shall represent the owner for the purposes of articles 11, 46 and 47 of said Law, as well as being the attorney in facts of the company for the purpose of proving the legal standing and capacity in a lawsuit or outside of same, pursuant to article 692, subsections one and three of the same Law, they may appear to give testimony pursuant to the terms of articles 787, and 788 of the Federal Labor Law, with the capacity to give testimony in all its parts; they may designate addresses to receive service of process pursuant to article 866, they may appear with all legal and sufficient representation, in attending the hearing provided for in article 873 and in its three stages of conciliation, affirmative defenses, and offer and admission of evidence, pursuant to article 875 , 876 , subsections one and six, 877, 878, 879 and 880; they may also appear in the evidentiary hearing, pursuant to article 873 and 874, likewise they are granted authority to propose conciliatory agreements, perform transactions, to make any kind of decisions, to negotiate and subscribe any labor agreements, they may at the same time act as representatives of the company as administrators, in relation to any and all type of legal and labor proceedings filed before any and all the authorities, at the same time they may enter into and terminate

labor contracts. ------------------------------------------------------------------

The above mentioned agents are authorized to carry out all sort of proceedings before any kind of authority, be it of the Executive, Legislative, or Judicial Branch, Federal, State, or Municipal, and they are especially authorized to appear before officers of the Secretary of Government "SG", especially the Local Migration Institute in Matamoros, Tamaulipas, the Secretaría de Salubridad y Asistencia "SSA" (Public Health Agency), Secretaría de Comercio y Fomento Industrial "SECOFI" (Trade and Industrial Development Agency) and all of its branches, Secretaría de Hacienda y Crédito Público "SHCF" (Treasury and Public Finance Department) and all of its branches, the Secretaría de Hacienda (Department of the Treasury) of the State of Tamaulipas, Border Customs in H. Matamoros, Tamaulipas, and NAFTA Bridge, National Statistics Geography and Information Technology Institute "INEGI", Social Development Administration "SEDESOL" and each one of its branches, the Environment, Natural Resources and Fisheries Agency "SEMARNAP" and all of its branches, the Federal Environmental Protection Agency "PROFERA", at all its branches, the National Ecology Institute "INE" and all of its branches and the Federal Power Commission. Furthermore, they are authorized to carry out any and all proceedings before decentralized entities and government owned companies, and are, in general, authorized to carry out any proceedings before any and all authorities, including those that require a specific reference or mention, without the need to obtain another power of attorney that contains, mentions, or makes reference to the above mentioned agents' capacity to

*JESSICA DEYTZ GUEVARA ESQ.*
Principal
H. MATAMOROS, TAMAULIPAS

act before said authorities. --------------

Also, Messrs. Victor Manuel Escoto Zubiran, Nelson Deytz Guevara, Octavio Rodriguez Gonzalez, Oswaldo Nepomuceno Mayo,Esqs. are hereby authorized to transfer the powers of attorney herein granted without losing their authority as agents of the corporation and to revoke those powers that they grant or substitute.------------------------------------------------------------------------------------------

---------------------------------------------------------------------------------------------------------

---------------------------------------------------------------------------------------------------------

---------------------------------------------------------------------------------------------

THIS FIRST COPY IS A TRUE AND ACCURATE COPY OF THE ORIGINAL INSTRUMENT WHICH IS IN VOLUME XXXII OF THE BOOK OF NOTARIZATION OF PUBLIC INSTRUMENTS OF MY NOTARY COMMISSION. IT IS ISSUED AT THE REQUEST OF MR. OSWALDO NEPOMUCENO MAYO ESQ. IN 14 DULY COMPARED AND AUTHORIZED PAGES, IN THE HEROIC CITY OF MATAMOROS, STATE OF TAMAULIPAS, ON THE 4TH. DAY OF OCTOBER 1996. I ATTEST.-----------------------------------

*JESSICA DEYTZ GUEVARA ESQ.*
*NOTARY PUBLIC NO. 62*

*(there is a seal that reads:* "UNITED MEXICAN STATES / NOTARY PUBLIC NO. 62 / H. MATAMOROS, TAMAULIPAS";

776/ VOL XXXII
OCT 4 1996

28

(T.N.: Seal reads: "District Court, H. Matamoros, Tam")

Registered with No. *113V*, stamp *113V*

In book No. *1* of the Public Registry

of Commerce. I attest. Receipt No. *4000016-01*

Date *Oct/9/96* Fees *$51.00*

      H. MATAMOROS, TAMPS

      THE DISTRICT JUDGE

      In charge of the Pub. Reg. Of Commerce

        ( a signature)

      Hector Luis Madrigal Mtz.


Citizen JESSICA LILIA DEYTZ GUEVARA, Esq.

Notary Public No. 62 practicing legally in this city

certifies: that these photocopies are true and correct

and match in all parts the original I had before me,

in *14* pages, certified in the City of H. Matamoros,

Tam, on *OCTOBER 10 1996* by non-notarized record

No. *4049* Vol. *IV* I attest

(a signature)

JESSICA LILIA DEYTZ GUEVARA, Esq.

NOTARY PUBLIC No. 62


*There is a seal that reads:* "UNITED MEXICAN STATES / JESSICA LILIA DEYTZ GUEVARA, Esq. NOTARY PUBLIC NO. 62 / H. MATAMOROS, TAMAULIPAS."

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JESUS MORENO SILVA, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF MARIA SANTOS GARCIA BANDA, DECEASED; JESUS MORENO GARCIA, DORA MORENO GARCIA, BARBARA MORENO GARCIA, ADVIENTA, MORENO GARCIA PRADO, SABINA MORENO GARCIA, MONICA MORENO GARCIA, SOCORRO MORENO GARCIA MENDOZA, JUAN PABLO MORENO GARCIA, MARIA SANTOS MORENO GARCIA, VALERIE MORENO GARCIA, *Plaintiffs* | § § § § § § § § § § § § § § | **CIVIL ACTION NO. B3-30** |
| VS. | § § | **ORDER GRANTING MOTION TO REMAND** |
| AIRPAX ACQUISITION, L.L.C., AIRPAX CORPORATION, L.L., AND AIRPAX DE MEXICO, S.A., *Defendants* | § § § § § | |

On this the _____ day of _____, 2003, came on for consideration the Motion to Remand, filed by Plaintiffs herein. The Court having considered all matters before it, including Plaintiffs' Motion to Remand, the Response, and the Notice of Removal, the Court finds that complete diversity does not exist in this case, and remands this case to the District of Cameron County, Texas; Cause No. 2002-12-5078-G in the 404th Judicial District Court, and orders that Defendants pay Plaintiffs' court cost expenses, and attorneys' fees in the amount of $_____ .

Accordingly, this cause shall be remanded to the District of Cameron County, Texas; Cause No. 2002-12-5078-G in the 404th Judicial District Court from which it was removed.

IT IS SO ORDERED.

SIGNED this the _____ day of _____, 2003.


_____
UNITED STATES DISTRICT JUDGE


xc:   Ramon Garcia                          Mr. F. Edward Barker
      Catherine W. Smith                    **BARKER, LEON, FANCHER & MATTHYS**
      LAW OFFICE OF RAMON GARCIA, P.C.      Tower II – Suite 1200
      222 W. University Drive               555 North Carancahua Street
      Edinburg, Texas 78539                 Corpus Christi, Texas 78478