4

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAR 0 5 2003

Michael N. Milby
Clerk of Court

| | |
|---|---|
| JESUS MORENO SILVA, INDIVIDUALLY § <br> AND AS REPRESENTATIVE OF THE § <br> ESTATE OF MARIA SANTOS GARCIA § <br> BANDA, DECEASED, JESUS MORENO § <br> GARCIA, DORA MORENO GARCIA, § <br> BARBARA MORENO GARCIA, § <br> ADVIENTA MORENO GARCIA PRADO, § <br> SABINA MORENO GARCIA, MONICA § <br> MORENO GARCIA, SOCORRO MORENO§ <br> GARCIA MENDOZA, JUAN PABLO § <br> MORENO GARCIA, MARIA SANTOS § <br> MORENO GARCIA , VALERIE MORENO § <br> GARCIA § <br> § <br> VS. § <br> § <br> AIRPAX ACQUISITION, L.L.C., § <br> AIRPAX CORPORATION, L.L.C. and § <br> AIPAX DE MEXICO, S.A. § | CIVIL ACTION NO. B-03-030 <br><br><br><br> "JURY" |

**DEFENDANT AIRPAX ACQUISITION, L.L.C., AIRPAX CORPORATION, L.LC. AND
AIRPAX DE MEXICO, S.A.  RESPONSE TO PLAINTIFFS'
MOTION TO REMAND THE SUPPORTING MEMORANDUM**

Defendant, Airpax Corporation, L.L.C. responds to Plaintiffs' Motion to Remand

and would show unto the court as follows:

## I. INTRODUCTION

On December 19, 2002, Plaintiffs sued Defendants for an accident occurring May

3, 2001,  in Matamoros, Mexico between Plaintiffs' decedents and Magdaleno Alcocer

Muniz.  Mr. Muniz was the driver of the truck that allegedly struck and killed Plaintiffs'

decedent.  At the time of the accident, he was employed by a  corporation incorporated

within the United States of Mexico named "Airpax de Mexico, S.A." and was driving within

the course and scope of his employment.    Plaintiff sued Airpax de Mexico, S.A. in a Texas, State District Court as a defendant separate and apart from Co-Defendant, Airpax Corporation, L.L.C., but **failed to serve** Airpax de Mexico as an entity separate and apart from Airpax Corporation, L.L.C.  The other Defendant, Airpax Acquisition, L.L.C., ceased to exist long before this accident occurred.  (See Affidavit of Michael Rabasca attached to the Notice of Removal)

Following suit and after Airpax Corporation, L.L.C. had answered, Airpax Corporation, L.L.C., filed its Motion to Apply Mexican Law and included exhibits with such Motion, including Airpax de Mexico's Mexican Incorporation papers.  This Motion, contrary to Plaintiffs' assertions, was not about the citizenship of Airpax de Mexico but rather grounded in the "state with the most significant relationships" test.

Defendant filed its Notice of Removal on January 29, 2003, and removed this case to the United States District Court for the Southern District of Texas Brownsville Division arguing that the only Defendant at issue was Airpax Corporation, L.L.C., a Delaware Corporation and that Airpax de Mexico, S.A. was a mere department of Airpax Corporation, L.L.C.

Plaintiffs filed a Motion to Remand on February 28, 2003, maintaining there was a lack of diversity between parties Plaintiff and Defendant in that all of the Plaintiffs were Mexican citizens and maintaining that due to the Certificate of Incorporation of Airpax de Mexico, S.A. that that corporation was not a "mere department" of Airpax Corporation, L.L.C., but rather a separate entity bearing the distinction of likewise being a citizen of the nation of Mexico.

## II. ARGUMENT
## FRAUDULENT JOINDER

Airpax de Mexico **has never been served with citation and no answer** for Airpax de Mexico has been filed.  Airpax de Mexico was "fraudulently joined" in this suit against Airpax Corporation, L.L.C. and as such should be disregarded for diversity purposes. [*Mayes vs. Rapoport*, 198 F. 3rd 457, 461 (4th Cir.1999)].

### III.

Plaintiffs have no possibility of making any recovery against Airpax de Mexico separate and apart from Airpax Corporation, L.LC.  Plaintiffs filed suit on December 19, 2002, against Airpax de Mexico but to date, have not properly served Airpax de Mexico with service of citation.  Indeed, no service on a foreign corporation would subject that corporation to the court's of the United States absent a particular treaty to that effect or the corporation voluntarily subjecting itself to the jurisdiction of U.S. Courts.  Here, neither has occurred.

Even assuming that a Judgment against Airpax de Mexico could be obtained by Plaintiffs from a United States Court, that Judgment could not be the basis for seizure of assets belonging to Airpax de Mexico since all of such assets remain in Mexico. [see paragraphs 7 and 8 Affidavit of Michael Rabasca attached to the Defendant's Notice of Removal].

In summary, in this instance Plaintiffs have no possibility of recovering separately against Airpax de Mexico.

"Fraudulent Joinder" occurs when a Plaintiff brings a lawsuit against a Defendant and the Plaintiffs have no possibility of recovering against that Defendant. Such joinder can then be disregarded for the purposes of determining diversity. [*Mayes vs. Rapoport*, 198 Fed.3rd 457, 461 (4th Cir., 1999)].   "If the joinder was without right then it is a fraudulent joinder". [ *Morris vs. Princess Cruises, Inc.,* 236 Fed. 3rd 1061, 1067 (9th Cir., 2001)].

Since a "Fraudulent Joinder" has here occurred and Airpax de Mexico should be disregarded for purposes of determining diversity, then, and in that instance, only Airpax Corporation, L.L.C., is at issue and Plaintiffs have conceded that Airpax Corporation, L.L.C. is a Delaware Corporation. In that instance, complete diversity exists and removal was proper.

Failure of the Plaintiffs to **serve** Airpax de Mexico even at this late date with a lawful Service of Citation argues that Airpax de Mexico is not a proper Defendant in this cause other than being as a mere department of Airpax Corporation, L.L.C., a Delaware Corporation.

In this instance the "fraudulent joinder" of Airpax de Mexico may be disregarded for diversity purposes and a complete diversity between the real parties contending in this litigation arises. The removal of this cause to the U.S. District Court was proper and no defect in that removal existed as argued by Plaintiffs.

*DEFENDANT AIRPAX ACQUISITION, L.L.C., AIRPAX CORPORATION, L.L.C. AND AIRPAX DE MEXICO, S.A   RESPONSE TO PLAINTIFFS' MOTION TO REMAND THE SUPPORTING MEMORANDUM*

4

WHEREFORE, Defendant prays this court deny Plaintiffs' Motion to Remand and for such other and further relief to which Defendant should show itself entitled.

Respectfully submitted,

F. Edward Barker
Fed. I.D. # 970
BARKER, LEON, FANCHER & MATTHYS, LLP.
Tower II, Suite 1200
555 N. Carancahua St.
Corpus Christi, Texas 78478
(361) 881-9217; FAX: (361) 882-6590

Benigno (Trey) Martinez
Martinez, Martinez & Barrera, L.L.P.
1201 E. Van Buren
Brownsville, Texas 78520
Co-Counsel for Defendants

## CERTIFICATE OF SERVICE

I, certify that a true and correct copy of the foregoing instrument was forwarded to all counsel of record, in the manner set forth below, on this the 5ᵗʰ day of March, 2003.

**CERTIFIED MAIL/RRR #**
Ms. Catherine W. Smith
Law Office of Ramon Garcia, P.C.
222 West University Drive
Edinburg, Texas 78539

Ed Barker w/ permission ///
F. Edward Barker

---

*DEFENDANT AIRPAX ACQUISITION, L.L.C., AIRPAX CORPORATION, L.L.C. AND AIRPAX DE MEXICO, S.A  RESPONSE TO PLAINTIFFS'*
*MOTION TO REMAND THE SUPPORTING MEMORANDUM*                    6