## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

**MAR 1 7 2003**

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| JESUS MORENO SILVA, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF MARIA SANTOS GARCIA BANDA, DECEASED; JESUS MORENO GARCIA, DORA MORENO GARCIA, BARBARA MORENO GARCIA, ADVIENTA, MORENO GARCIA PRADO, SABINA MORENO GARCIA, MONICA MORENO GARCIA, SOCORRO MORENO GARCIA MENDOZA, JUAN PABLO MORENO GARCIA, MARIA SANTOS MORENO GARCIA, VALERIE MORENO GARCIA, *Plaintiffs* | § § § § § § § § § § § § § § | CIVIL ACTION NO. B03-030  PLAINTIFFS' REPLY TO DEFENDANTS AIRPAX ACQUISITION, L.L.C., AIRPAX CORPORATION, L.L.C., AND AIRPAX DE MEXICO, S.A.'S RESPONSE TO PLAINTIFFS' MOTION TO REMAND |
| VS. | § § | |
| AIRPAX ACQUISITION, L.L.C., AIRPAX CORPORATION, L.L., AND AIRPAX DE MEXICO, S.A., *Defendants* | § § § § | |

1.    Plaintiffs JESUS MORENO SILVA, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF MARIA SANTOS GARCIA BANDA, DECEASED; JESUS MORENO GARCIA, DORA MORENO GARCIA, BARBARA MORENO GARCIA, ADVIENTA, MORENO GARCIA PRADO, SABINA MORENO GARCIA, MONICA MORENO GARCIA, SOCORRO MORENO GARCIA MENDOZA, JUAN PABLO MORENO GARCIA, MARIA SANTOS MORENO GARCIA, VALERIE MORENO GARCIA, reply to Defendants' Response to their Motion for Remand as follows:

### A. ISSUES PRESENTED

2.    Plaintiffs ask this Court to review the following issues on their Motion to Remand:

A.    Have Defendants proven by clear and convincing evidence that there is absolutely no possibility that Plaintiffs will be able to establish a cause of action against Defendant AIRPAX DE MEXICO, S.A. (hereinafter "*Defendant AIRPAX MEXICO*")? No. Defendants have failed to prove by clear and convincing evidence that there is absolutely no possibility that Plaintiffs will be able to establish a cause of action against Defendant Airpax de Mexico, because the Plaintiffs have alleged a viable cause of action which, if proven at trial, would be grounds for holding Defendant Airpax de Mexico liable.

B.      Has Defendant Airpax Mexico waived notice of citation.?  **Yes.  Airpax Mexico has waived citation by appearing in this case. Tex.R.Civ.P. 120.**

3.      If this Court finds that Defendants have failed to meet their burden on these issues, then diversity jurisdiction does not exist, and, respectfully, this Court should remand this case to state court.

## B. FACTUAL AND PROCEDURAL BACKGROUND

4.      In early May of 2001, Maria Santos Garcia Banda and her sister were attempting to cross a street in Matamoros, Mexico.  Mrs. Garcia visited her partially blind sister daily and assisted her with her daily chores, including shopping for the necessities of her home.  As the two women attempted to cross the street, Mr. Magdaleno Alcocer Muñiz, while driving a heavy truck owned by Airpax Corporation, L.L.C. with a Texas license tag, ran over the two women and killed them.  Mr. Alcocer Muñiz was employed by Airpax Mexico.

5.      At the time of the accident, Mr. Alcocer Muñiz did not hold a valid driver's license from anywhere.  He had been employed by Airpax Mexico to drive the truck owned by Airpax Corporation.  Airpax Corporation and Airpax Mexico, together comprised a maquila operation of the type well known to those who live in the border regions.  Defendants have made two separate and distinct claims with respect to their legal relationship.  (For purposes of Removal, they urge the corporate separation of  the two companies be ignored; for choice of law issues, they emphasize the Mexican citizenship and autonomy of Airpax Mexico.)  Defendants argue that because Airpax Mexico has never been formally served, it is "fraudulently joined" and should be disregarded for diversity purposes.

6.      This case was filed in the 404th Judicial District, Cameron County, Texas.  While this case was pending in that court and on January 28, 2003 Defendants Airpax Acquisition, L.L.C., Airpax Corporation, L.L.C., and Airpax Mexico filed a "Motion to Apply Mexican Law."  In connection with that Motion, these Defendants filed a translation of the Articles of Incorporation of Defendant Airpax Mexico as Appendix 5 to their Brief and made much of the fact that, "Airpax de Mexico is .... organized under the laws of Mexico and engaged wholly in business in Mexico."   (page 3 of Defendants' Motion to Apply Mexican Law), and they cite this allegation as support for their argument of a significant relationship to Mexico sufficient to apply Mexican law to the determination of this case.[1]

7.      At the time this lawsuit was filed by Plaintiffs on December 19, 2002, service on Airpax Mexico was requested at an address in Brownsville, Texas.  Even though formal service was not completed,

---

[1] Even though Defendants argue the Airpax Mexico corporation papers are "not about the citizenship of Airpax de Mexico, S.A." (Defendants' Response to Plaintiffs' Motion to Remand) what else could it be about if they seek to apply Mexican law on the basis of Airpax Mexico's citizenship?

since that date, this Defendant has appeared in this action on at least two occasions. First was in the Motion to Apply Mexican Law filed in the District Court of Cameron County, Texas, wherein it is stated, "Comes now, Defendant Airpax Acquisition, L.L.C., Airpax Corporation, L.L.C, and Airpax de Mexico, S.A., and files this Motion to Apply Mexican Law, and in support thereof would show the following;" second, in this court, by filing, "Defendants' Airpax Acquisition, L.L.C., Airpax Corporation, L.L.C., and Airpax de Mexico, S.A.'s Response to Plaintiffs' Motion to Remand and Supporting Memorandum."

8.    Plaintiffs seek remand to the state court where this case was filed because that is where the case belongs. Total diversity does not exist in this case, because there are Mexican citizens on both sides of the issue under *Giannakos v. M/E Bravo Trader*, 762 F.2d 1295, 1298 (5th Cir. 1985) (holding that, "diversity does not exist where aliens are on both sides of litigation.")[2]

## C. STANDARD OF REVIEW

9.    Defendants allege this Court has subject matter jurisdiction over this action because the amount in controversy exceeds $75,000, and there is diversity of citizenship between Plaintiffs and U.S. Defendants ("Defendants' Notice of Remand.")    Plaintiffs concede that the amount in controversy exceeds $75,000; therefore, the issue is the citizenship of Defendant Airpax Mexico whom Defendants Airpax Corporation, L.L.C. and Airpax Acquisition, L.L.C. claim is "fraudulently joined." If this contention is not correct, then there is no diversity jurisdiction. See *Giannakos v. M/E Bravo Trader*.

10.    The burden of persuasion on a Defendant who claims fraudulent joinder is a heavy one. *Travis v. Irby*, 2003 WL 23102 at *2 (5th Cir. 2003), and it never shifts. See *B., Inc. v. Miller Brewing Company*, 663 F.2d 542, 549 (5th Cir. 1981) ("We have consistently held that it is the party who urges jurisdiction upon the Court who must always bear the burden of demonstrating that the case is one which is properly before the Federal Tribunal.") The Defendant must prove by clear and convincing evidence, see *Park v. New York Times Company*, 308 F.2d 474, 478 (5th Cir. 1962) ("a claim of fraudulent joinder must be .... supported by clear and convincing evidence."; the removing party must show by clear and convincing evidence that there has been an actual fraud in the pleading of jurisdictional facts or "that there is **absolutely no possibility** that the Plaintiff will be able to establish a cause of action against" the non diverse party in state court. *Travis*, 2003 WL 23102, at *2 (emphasis added); *Hart*, 199 F.3d at 246, citing *Dodson v. Filiata Maritime Corporation*, 951 F.2d 40, 42 (5th Cir. 1992.)

11.    Defendants do not assert there has been an actual fraud in the pleading of jurisdictional facts (Defendants' Notice of Remand); thus the focus is whether Defendants have proven by clear and convincing evidence that there is absolutely no possibility that the Moreno Silva family will be able to

---

[2]The Moreno Silva family has not alleged any federal causes of action, and Defendants do not allege that federal question jurisdiction exists; therefore, only the issue of diversity jurisdiction is appropriate here.

establish a cause of action Defendant Airpax Mexico. In cases such as this, the term "fraudulent joinder" is something of a misnomer, since Plaintiffs' intent or motive is immaterial. *See Chicago Rock Island and Pacific Railroad Company v. Whitaker*, 239 U.S. 421, 424-25, 36 S.Ct. 152, 153, 60 L.Ed. 360, 1915 ("the motive of the Plaintiff taken by itself does not affect the right to remove and that is there is a joint liability, he has an absolute right to enforce it, whatever the reason that makes him wish to assert the right.")

12.      The focus here should only be whether Plaintiffs have any possibility of recovering against the party whose joinder is questioned. *Hart*, 199 F.3d at 246. In making this determination, a court, "must initially resolve all disputed questions of fact and all ambiguities in the controlling state law in favor of the non removing party." *Id.* at 246. Finally, the Fifth Circuit has cautioned against pre-trying the case to determine removal jurisdiction, and stated that piercing the pleadings and considering summary judgment type evidence such as affidavits and deposition testimony can resolve fraudulent joinder claims. *Id.* at 246-47.

## D. ARGUMENT

**Defendants have failed to prove by clear and convincing evidence that there is absolutely no possibility that the Moreno Silva family will be able to establish a cause of action against Airpax Mexico.**

13.      There is no question but that the state of Texas recognizes a cause of action in negligence against a company which employs a negligent driver. *Williams v. Steves Industries, Inc.*, 699 S.W.2d 570 (Tex. 1985) In Plaintiffs' Original Petition, the Moreno Silva family has alleged that Airpax Mexico is responsible, jointly and severally with Airpax Corporation, L.L.C., for the negligent driving of Magdaleno Alcocer Muñiz, the driver the truck. *See* Tex. Transp.Code Ann §§521.458(b); 521.459(a) (providing, respectively, that it is unlawful to employ an unlicensed driver to operate owner's vehicle, and employer has legal duty to check on employee's driving record and license status.) Objectively construed, these allegations alone, if proven at trial, are sufficient to establish a cause of action against Airpax Mexico (as well as Airpax Corporation, L.L.C.)

14.      In the state court action, previously pending in the 404th District Court of Cameron County, Defendants filed the Affidavit of Michael V. Rabasca, the chief financial officer of Airpax Corporation, L.L.C. (copy attached hereto without addenda), wherein Mr. Rabasca states unequivocally, at the third page (unnumbered) of his Affidavit, at paragraph 8, that Airpax Corporation, L.L.C. controls the conduct of Airpax Mexico. Consequently, Airpax Corporation, L.L.C. is responsible for the conduct and the activities of Airpax Mexico. *See Triplex Communications, Inc. v. Riley*, 900 S.W.2d 716, 718 (Tex. 1995) It is undisputed Airpax Corporation, L.L.C. (U.S. Company) owned the subject truck, which bore a Texas license plate, and it is equally undisputed the driver of the truck was cited for driving

Case 1:03-cv-00030   Document 6   Filed in TXSD on 03/17/2003   Page 5 of 18

without a license, as was Airpax Mexico for hiring him. (See translated charging instrument of the traffic police report attached to Airpax's Motion to Apply Mexican Law attached hereto.)

15.     For the reasons stated above, Defendants have failed to prove by clear and convincing evidence that there is absolutely no possibility that the Moreno Silva family will be able to establish a cause of action against Airpax Mexico. Since Defendant Airpax Mexico is not fraudulently joined and it is a citizen of Mexico, and the Moreno Silva family are citizens of Mexico, federal diversity jurisdiction does not exist. Therefore, the Moreno Silva family asks the Court to remand this case.

**Defendant Airpax Mexico has waived citation.**

16.     This case was filed as an original petition in Cameron County District Court. In the Cameron County District Court Defendants filed their Motion to Apply Mexican Law on behalf of all named Defendants. Moreover, these same Defendants (all of them) have responded to Plaintiffs' Motion to Remand. Tex.R.Civ.P. 120 provides that an appearance shall have the same force and effect as if citation had been duly issued and served as provided by law. The language of a pleading may be considered in determining whether an appearance has been made. See *e.g. Gonzalez v. Phoenix Frozen Foods*, 884 S.W.2d 587, 589 (Tex. App. – Corpus Christi 1994, no writ.) An appearance constitutes waiver of citation. *Dodson v. Seymour*, 664 S.W.2d 158 (Tex. App. – San Antonio 1983, no writ); *Spivey v. Holloway*, 902 S.W.2d 46, 48 (Tex. App. – Houston [1st Dist] 1995, no writ.)

17.     For these reasons, Plaintiffs contend Defendant Airpax de Mexico, S.A. has made an appearance in this case for all purposes, and therefore further efforts at service are not necessary.[3]

**Defendants' cited authority in their Response to Plaintiffs' Motion to Remand is not applicable.**

18.     In Defendants' Memorandum containing their argument about fraudulent joinder (the only issue raised), they cite two cases for the proposition that Airpax Mexico is "fraudulently joined" and should be disregarded. *Mayes v. Rappapore*, 193 F.3d 457 (4th Cir. 1999) is a Fourth Circuit case whose issue was whether or not remand was proper after the joinder of additional parties following removal, and the question was whether or not the fraudulent joinder rules apply post removal after a district court has acquired jurisdiction of a case. The Fourth Circuit ruled under the facts of that case that the non-diverse party was a proper party, allowed his joinder, and remanded the case. Nonetheless, that case does not address the issues in the instant case which does not have anything to do with later-added parties.

19.     The other case cited by Defendants is *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, Cir. 2001, a case commenced in Texas, removed to federal court, wherein venue was changed to California based on a forum selection clause in the cruise line ticket. In that case, the Plaintiff failed to timely exercise

---

[3] It should be noted that Defendants do not contend, and it is not true, that Plaintiffs made no effort at service. The Cameron County clerk's docket sheet (a certified copy of which is attached to Defendants' Notice of Removal) shows citation issued 12/30/02 on Airpax de Mexico, S.A. but "unserved," and Plaintiffs' Petition specifically requests service on this Defendant.

her right under the "savings to suitors" clause found under Admiralty rules. Plaintiff was found to have failed to state a cause of action against a resident defendant under Fed.R.Civ.P. 12(b)(6) because she did not adequately state a claim for fraud against him. The real issue, however, was answered by *Barris v. Sulpico Lines, Inc.*, 932 F.2d 1540 (5th Cir. 1991) wherein the Fifth Circuit held that a district court's removal jurisdiction is not destroyed when the Plaintiff fails to seek remand pursuant to 28 U.S.C., §1447(e), of claims falling within the court's admiralty jurisdiction. Since the instant case has nothing to do with admiralty, the Ninth Circuit opinion of *Morris v. Princess Cruises, Inc.* has nothing to do with the case, either.

### E. CONCLUSION

20.    For all the reasons stated above, Plaintiffs contend that Defendants have failed to prove by clear and convincing evidence that there is any fraudulent joinder in this matter, and this case should be remanded to the 404th District Court of Cameron County.

Dated this the 13th day of March, 2003.

Respectfully submitted,

LAW OFFICE OF RAMON GARCIA, P.C.
222 W. University Drive
(956) 383-7441
(956) 381-0825 (Telefax)

By: _____
        CATHERINE W. SMITH
        STATE BAR NO. 18547080
        SDT BAR NO. 19360

OF COUNSEL:
RAMON GARCIA
STATE BAR NO. 07641800
SDT Bar No. 3936

## CERTIFICATE OF SERVICE

I, CATHERINE W. SMITH, do hereby certify that on this the 13th day of March, 2003, a true and correct copies of the above and foregoing Plaintiffs' Reply to Defendants' Response to Plaintiffs' Motion to Remand was sent United States Certified Mail, return receipt requested to:

Mr. F. Edward Barker
**BARKER, LEON, FANCHER
& MATTHYS, L.L.P.**
Tower II – Suite 1200
555 North Carancahua Street
Corpus Christi, Texas  78478

Mr. Everardo Abrego
**LAW OFFICES OF EVERARDO ABREGO**
944 West Nolana
Suite C
Pharr, Texas  78577

_____
CATHERINE W. SMITH

# AFFIDAVIT OF MICHAEL V. RABASCA

CAUSE NO. 2002-12-5078-G

| | | |
|---|---|---|
| JESUS MORENO SILVA, INDIVIDUALLY | § | IN THE DISTRICT COURT |
| AND AS REPRESENTATIVE OF THE | § | |
| ESTATE OF MARIA SANTOS GARCIA | § | |
| BANDA, DECEASED,   JESUS MORENO | § | |
| GARCIA, DORA MORENO GARCIA, | § | CAMERON COUNTY, TEXAS |
| BARBARA MORENO GARCIA, ADVIENTA, | § | |
| MORENO GARCIA PRADO, SABINA | § | |
| MORENO GARCIA, MONICA MORENO | § | |
| GARCIA, SOCORRO MORENO GARCIA | § | |
| MENDOZA, JUAN PABLO MORENO | § | 404TH JUDICIAL DISTRICT |
| GARCIA, MARIA SANTOS MORENO | § | |
| GARCIA , VALERIE MORENO GARCIA | § | |
| | § | |
| VS. | § | |
| | § | |
| AIRPAX ACQUISITION, L.L.C., | § | |
| AIRPAX CORPORATION, L.L. AND | § | 404TH JUDICIAL DISTRICT COURT |
| AIPAX DE MEXICO, S.A. | § | |

**AFFIDAVIT OF MICHAEL V. RABASCA**

| | |
|---|---|
| COUNTY OF DORCHESTER | § |
| | § |
| STATE OF MARYLAND | § |

BEFORE ME, the undersigned authority, personally appeared Michael Rabasca, who, being by me duly sworn, deposed and said:

1.      My name is Michael Rabasca.  I am over 18 years of age, of sound mind, capable of making this affidavit, and personally acquainted with the facts stated in it.

2.      I am the Chief Financial Officer of Airpax Corporation, L.L.C., and by virtue of both my position within the company as well as length of employment with the company, I have personal knowledge of the following facts:

a)      In February of 1999, Airpax Corporation's management accomplished

a buy-out of all of the stock in Airpax Corporation from Philips Electronics North America

Corporation and formed a new corporation entitled Airpax Corporation, L.L.C.. At that time,

Philips North American Electronics Corporation ceased to have any ownership interest,

control or influence over Airpax Corporation.  The "Airpax Corporation" which had been a

subsidiary of Philips North American Corporation was dissolved at that time and the only

remaining survivor of the Airpax entities is the present survivor, Airpax Corporation, L.L.C.

3.      As stated, I am the the Chief Financial Officer of Airpax Corporation, L.L.C. and as

such I am a custodian of the records attached to this affidavit.

4.  The records attached to this affidavit, consisting of _34_ pages are kept by

Airpax Corporation, L.L.C. in the regular course of its business.  It was the regular course

of that business for an employee or representative of the business with knowledge of the

act, event, condition, or opinion recorded to keep these records or to transmit information

thereof to be included in such records.  The records were made at or near the time of the

act, event, condition, or opinion recorded, or reasonably soon thereafter.  The attached

records are true and correct duplicates of the originals.

5.      Airpax Corporation, L.L.C., is a Delaware Corporation with its principal place

of business in Cambridge, Maryland.  Attached hereto and Incorporated by reference are a

Tab A, The LLC Agreement of Airpax Acquisition, L.L.C.,; Tab B, the Certificate of

Formation of Airpax Acquisition, L.L.P.; Tab C, a Certificate of Amendment changing the

name of the Airpax Acquisition to Airpax Corporation, L.L.C.; Tab D, the Certificate of

Incorporation for Electronic Packaging Products, Inc.; Tab E, the Certificate of

Incorporation of Power Protection Products; Inc.; Tab F, the Certificate of Incorporation for

Thermal Sensing Products, Inc., and at Tab G the present ownership chart of the surviving entities.   Per the LLC Agreement, the three Delaware Corporations have been the only owners of Airpax Corporation, L.L.C.

6.     Electronic Packaging Products was sold and no longer has any interest in Airpax Corporation, L.L.C., who is presently wholly co-owned by Power Protection Products, Inc. and Thermal Sensing Products, Inc., two Delaware Corporations.

7.     Airpax Corporation, L.L.C., has a warehouse type facility in Brownsville, Texas to transition component parts into, and out of, our assembling department located in Matamoros, Mexico.  There is no one physically stationed in the Brownsville, Texas Airpax facility with strategic decision making responsibilities of any significance.  The employees in this warehouse are given tactical assignments and procedures to follow.  This is the only facility of Airpax Corporation, L.L.C. located within the entire state of Texas.

8.     The Airpax Corporation, L.L.C. department, located in Matamoros, Mexico is incorporated in Mexico as is required under Mexican law, however, in reality it is considered a mere department within the overall company.  In this regard the Mexican department had issued 7,523,661 shares of stock, all of which except one share is owned by Airpax Corporation, L.L.C., with that lone share being owned by Power Protection Products, Inc., [See Chart attached hereto].  The hiring and firing of all key personnel of Airpax de Mexico is done in Maryland at the home office of Airpax Corporation, L.L.C.,; the day to day activities of Airpax de Mexico is monitored and ultimately controlled by officers of the company in Maryland and indeed, about every other month the Executive Vice President of Airpax Corporation, L.L.C., travels to Airpax de Mexico to perform management onsite and other management duties; Airpax de Mexico owns no production

related assets as all of these assets located in Mexico are owned by Airpax Corporation, L.L.C.; the only asset of substance owned by Airpax de Mexico is the building; inventory stored at Airpax de Mexico is owned by Airpax Corporation, L.L.C., Airpax de Mexico makes no sales to any other "customers" except Airpax Corporation, L.L.C.; all raw products and inventory sent to Airpax de Mexico are purchased in Maryland at the home office and remain the property of Airpax Corporation, L.L.C., all cash funding for Airpax de Mexico is provided by Airpax Corporation, L.L.C.. Since Mexico has no third party sales, they are dependent on the US company to fund weekly payroll and fund operating expenses; all local accounting and any local taxes paid as a result of activities conducted by Airpax de Mexico is consolidated with that of Airpax Corporation, L.L.C.. In every way the corporate formality of Airpax de Mexico is ignored by Airpax Corporation, L.L.C. and the Mexico facility is in fact deemed a mere department of Maryland based home office, Airpax Corporation, L.L.C.

Michael V. Rabasca

Sworn to and subscribed before me on this the 24th day of January, 2003.

NOTARY PUBLIC

CAROL V. PERRY
Printed Name
My Commission Expires: 4/1/2004

# TRANSLATED CHARGING INSTRUMENT

# OF THE

# TRAFFIC POLICE REPORT

# JUDICIARY OF THE STATE OF TAMAULIPAS

# CRIMINAL SECTION

### Cause No. 197/2001
### SIGNATURE CONTROL OF DEFENDANT
Book No. ............... Pages No. ..................
P E R I O D

WEEKLY  *********        BI-WEEKLY            MONTHLY

TRIAL COURT    **THIRD**    OF THE    **FOURTH**    JUDICIAL DISTRICT

JUDICIAL DISTRICT BASED IN            **MATAMOROS, TAMAULIPAS**

DEFENDANT    **MAGDALENO ALCOCER-MUÑIZ**

VICTIM        **MARIA PETRA AND MARIA SANTOS GARCIA-BANDA**

CRIME    **\*\*HOMICIDE\*\***

FORMAL ORDER OF COMMITMENT

INDICTMENT

ORDER OF RELEASE FOR

BOND GRANTED                        DATE

NATURE OF BOND                            AMOUNT

NAME OF GUARANTOR

RE-ARREST OF DEFENDANT

NATURE OF AND GRANTING OF NEW BOND            AMOUNT

NAME OF GUARANTOR

DATE OF SENTENCE    ——————  · —PENALTY IMPOSED— ——

DATE SENTENCE WAS NOTIFIED TO DEFENDANT

TO DEFENSE COUNSEL                TO PROSECUTOR

DATE OF APPEAL

DATE TRANSCRIPT SENT TO APPEALS COURT

DATE OF FINAL JUDGMENT

RESULTS OF THE APPEAL

COURT THAT RULED ON THE APPEAL

BALTASAR H. MEDINA, ESQ.            HON. ROGELIO ARIZPE-ROJAS
CLERK                    PRESIDING JUDGE

GERARDO SALINAS-SALINAS
PROSECUTOR                DEFENSE COUNSEL

(PAGE 1)
## TRAFFIC AND CIRCULATION OFFICE

Official Communication No.

840/01

File No. 05/2001

(A SEAL WITH THE MEXICAN EMBLEM
AND DATED MAY 3, 2001, 7:00 p.m.)

SUBJECT:    Detention of vehicle and a person

OFFICE OF THE FIRST STATE INVESTIGATING PROSECUTOR
Building

As provided by article 204 of the Traffic Regulations as amended, please find a transcript of the accident report filed by the undersigned, RUBEN LOPEZ-GONZALEZ, Traffic Officer No. 35, assigned to this Office as an expert, of a VEHICLE-PEDESTRIAN ACCIDENT occurred on May 3 of this year at 12:10 p.m. on the streets of BLVD. M.C. LERMA MORALES AND GONZALEZ of the Official Plat of the City.  The accident involved, No. 1 a TRUCK, make WHITE, year 1968, type TRAILER, COLOR WHITE, with plates 2AL309 of TEXAS. owned by AIRPAX DE MEXICO, driven by MAGDALENO ALCOCER-MUÑIZ, who is 49 years of age and a resident at 72 Soldadores and 27th, Santa Elena Subdivision.  No. 2  Two individuals hit by the vehicle, the first, MARIA ELENA GARCIA-BANDA, approximately 65 years of age, who shows blows to different areas of her body (address, Lopez Portillo Subdivision).  She was taken by an ambulance of the CRUZ VERDE to the General Hospital, where she remains under observation.  The second, MARIA PETRA GARCIA-BANDA, 60 years of age, address at 1st of May Street, Control 3 North.  She died at the scene and shows blows to the thorax  and to different areas of her body.  The First Investigating Prosecutor attested to the facts at the scene of the accident.

**CAUSES OF THE ACCIDENT.  The driver of vehicle No. 1 states that he was driving south to north on M.C. Lerma Boulevard, left lane, next to the central stripe and between the streets of Morelos and  Gonzalez, he runs over with his left front side (front tire) the TWO PEDESTRIANS who apparently were attempting to cross M.N. Lerma Blvd. from west to east. The deceased pedestrian ended lying on her back, face up and her head to the west in front of the front tire, which had stains of what seemed to be blood. There is a tire mark 11 meters long on dry asphalt of the rear tires and further ahead a marking 2.60 meters long of the rear tires of the tractor.**

**WEATHER WAS GOOD. ASPHALT WAS DRY.**

**CONCLUSIONS OF THE EXPERT.** The driver of vehicle No. 1 violated articles 58, 116, 18 and 28 of the Traffic Regulations as amended.

What is hereby advised to you for the pertinent legal effects.  I am **ARRESTING MAGDALENO ALCOCER-MUÑIZ**  who will be in custody in the lockup of the State Police.  The arrestee was **DRIVING SOBER**, as per medical certification No. 21551

(ORIGINAL ATTACHED), and I ordered vehicle No. 1 to be placed in the Official Traffic Violations Lot. I would request that once the respective inquest is closed, the vehicle be returned to me to proceed to impose the pertinent administrative sanctions.

H. MATAMOROS, TAMAULIPAS, MAY 3, 2001

R E S P E C T F U L L Y
"RESPECT TO THE VOTE. NO REELECTION."
BY ORDER OF THE LOCAL TRAFFIC DIRECTOR
TRAFFIC POLICE OFFICER No. 35
ASSIGNED AS EXPERT.

(A SEAL OF THE TRAFFIC OFFICE,      (A SEAL OF THE LOCAL POLICE)
MATAMOROS, STATE OF             (A SIGNATURE)
TAMAULIPAS)

(A SIGNATURE)
RUBEN LOPEZ-GONZALEZ

(PAGE 2 – FRONT)

GENERAL STATE DIRECTORSHIP OF TRAFFIC
LOCAL TRAFFIC DELEGATION
ACCIDENT REPORT

Engineer Jesus Galarza-Rodriguez
Local Traffic Delegate                                                    May 3, 2001

Type of Accident:    Vehicle-Pedestrian
Time of the Accident: 12:10 p.m.

I hereby report to you that on the streets of BLVD. M.C. LERMA MORALES AND
GONZALEZ of the Official Plat of the City a pedestrian was ran over by a truck. The following
were involved in the accident:

VEHICLES INVOLVED IN THE ACCIDENT:    A white-colored TRUCK, make
WHITE, year 1968, type TRAILER, with plates 2AL309 of TEXAS. owned by AIRPAX DE
MEXICO, driven by MAGDALENO ALCOCER-MUÑIZ, who is 49 years of age and a resident
at 72 Soldadores and 27th, Santa Elena Subdivision, Telephone 13-65-93.

PEDESTRIANS HIT BY THE TRUCK:    MARIA ELENA GARCIA-BANDA,
approximately 65 years of age, who shows blows to different areas of her body (address, Lopez
Portillo Subdivision). She was taken by an ambulance of the CRUZ VERDE to the General
Hospital, where she remains under observation. The second, MARIA PETRA GARCIA-
BANDA, 60 years of age, address at 1st of May Street, Control 3 North. She died at the scene
and shows blow to the thorax and different areas of her body.

The Investigating Prosecutor attested to the accident at the scene.


MEDICAL INFORMATION

PHYSICAL CONDITION OF DRIVER:    Sober
INJURED:                         (illegible)
DECEASED:                        (illegible)
HOSPITALIZED:                    (illegible)

ADMINISTRATIVE SANCTIONS.    To be imposed on MAGDALENO ALCOCER-
MUÑIZ, as per Articles: 58, 116, 18 and 28

TRANSFER

Vehicle was sent to the Police Lot

THE TRAFFIC ACCIDENTS EXPERT

(A SIGNATURE)
RUBEN LOPEZ-GONZALEZ


**(PAGE 2 – BACK)**

**(A DRAWING OF THE SCENE OF THE ACCIDENT)**

**DESCRIPTION OF THE SCENE**

1. White Trailer
2. Death pedestrian
3. Tire markings on pavement 2.60 meters, rear tires of tractor
4. Tire markings on pavement 11 meters, rear tires


**CAUSES OF THE ACCIDENT**

The driver of Vehicle No. 1 stated that he was driving south to north on M.C. Lerma Boulevard on the left lane, next to the central stripe and between the streets of Morelos and Gonzalez, he runs over with his left front side (front tire) the TWO PEDESTRIANS who apparently were attempting to cross M.N. Lerma Blvd. from west to east. The deceased pedestrian ended up lying on her back, face up and her head to the west in front of the front tire, which had stains of what seemed to be blood. There is a tire mark 11 meters long on dry asphalt of the rear tires and further ahead a marking 2.60 meters long of the rear tires of the tractor.

**CONCLUSIONS OF THE EXPERT**

The driver of vehicle No. 1 violated articles 58, 116, 18 and 28 of the Traffic Regulations as amended.

**THE WEATHER WAS GOOD.**
**THE ASPHALT WAS DRY.**

( A SEAL OF THE TRAFFIC DEPT.)