United States District Court
Southern District of Texas
FILED

MAR 2 4 2003

Michael N. Milby
Clerk of Court

7

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JESUS MORENO SILVA, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF MARIA SANTOS GARCIA BANDA, DECEASED, JESUS MORENO GARCIA, DORA MORENO GARCIA, BARBARA MORENO GARCIA, ADVIENTA MORENO GARCIA PRADO, SABINA MORENO GARCIA, MONICA MORENO GARCIA, SOCORRO MORENO GARCIA MENDOZA, JUAN PABLO MORENO GARCIA, MARIA SANTOS MORENO GARCIA , VALERIE MORENO GARCIA | § § § § § § § § § § § § § § § | |
| VS. | § § | CIVIL ACTION NO. B-03-030 |
| AIRPAX ACQUISITION, L.L.C., AIRPAX CORPORATION, L.L.C. and AIPAX DE MEXICO, S.A. | § § § | "JURY" |

**DEFENDANT AIRPAX ACQUISITION, L.L.C., AIRPAX CORPORATION, L.LC. AND
AIRPAX DE MEXICO, S.A. RESPONSE TO PLAINTIFFS'
REPLY TO THE RESPONSE TO THE MOTION TO REMAND**

Defendant, Airpax Corporation, L.L.C. responds to Plaintiffs' Reply to the Response

to the Motion to Remand and would show unto the court as follows:

**I. PLAINTIFFS STATEMENTS TO THE COURT ARE FALSE**

Plaintiffs misrepresent to the court that the driver of the truck was unlicenced. This

statement is false. Attached hereto and incorporated by reference as exhibit one is the

license of the driver that was current at the time of the accident. In fact, the plaintiffs'

translation attached to their reply does not indicate, as is asserted, that the driver or Airpax

de Mexico was ticketed for not having a license. As is the case in Mexico for accidental

death, the driver was charged in a criminal proceeding, but he was not ticketed for not having a license.

Further, as part of that criminal proceeding, the family of the plaintiffs, represented by Mr. Silva, entered an agreement for money for the reparation of damages. Attached hereto and incorporated by reference as exhibit 2 is the translation of the agreement described. As the family entered the agreement for full satisfaction of their claims they are not able to bring those same claims here under the one satisfaction rule. The one satisfaction rule prohibits a claimant from recovering twice for the same injury. *Crown Life Ins. Co. v. Casteel*, 22 S .W.3d 378, 390-91 (Tex.2000). Here, the plaintiffs have accepted money as reparation of the damages for the death of Ms. Banda and are precluded from seeking additional recovery here.

## II. AIRPAX DE MEXICO IS SIMPLY A DEPARTMENT OF AIRPAX CORPORATION, LLC.

Irrespective of whether Airpax de Mexico has made an appearance or not, the true party in interest is Airpax Corporation, LLC, a Delaware corporation with its principal place of business in Cambridge, Maryland. Per the affidavit of Michael Rabasca attached to the Notice of Removal, Airpax de Mexico is incorporated in Mexico as is required under Mexican law, however, in reality it is considered a mere department within the overall company. In this regard the Mexican department had issued 7,523,661 shares of stock, all of which except one share is owned by Airpax Corporation, L.L.C., with that lone share being owned by Power Protection Products, Inc.,

The hiring and firing of all key personnel of Airpax de Mexico is done in Maryland at the home office of Airpax Corporation, L.L.C.,; the day to day activities of Airpax de

Mexico is monitored and ultimately controlled by officers of the company in Maryland and indeed, about every other month the Executive Vice President of Airpax Corporation, L.L.C., travels to Airpax de Mexico to perform management onsite and other management duties. Airpax de Mexico owns no production related assets as all of these assets located in Mexico are owned by Airpax Corporation, L.L.C.. The only asset of substance owned by Airpax de Mexico is the building. All inventory stored at Airpax de Mexico is owned by Airpax Corporation, L.L.C., and Airpax de Mexico makes no sales to any other "customers" except Airpax Corporation, L.L.C.. All raw products and inventory sent to Airpax de Mexico are purchased in Maryland at the home office and remain the property of Airpax Corporation, L.L.C., all cash funding for Airpax de Mexico is provided by  Airpax Corporation, L.L.C.. Since Mexico has no third party sales, they are dependent on the US company to fund weekly payroll and fund operating expenses. Moreover,  all local accounting and any local taxes paid as a result of activities conducted by Airpax de Mexico is consolidated with that of Airpax Corporation, L.L.C.. In every way the corporate formality of Airpax de Mexico is ignored by Airpax Corporation, L.L.C. and the Mexico facility is in fact deemed a mere department of Maryland based home office, Airpax Corporation, L.L.C.

### III. Conclusion

WHEREFORE, Defendant prays this court deny Plaintiffs' Motion to Remand and for such other and further relief to which Defendant should show itself entitled.

Respectfully submitted,

F. Edward Barker
Fed. I.D. # 970
BARKER, LEON, FANCHER & MATTHYS, LLP.
Tower II, Suite 1200
555 N. Carancahua St.
Corpus Christi, Texas 78478
(361) 881-9217; FAX: (361) 882-6590


Benigno (Trey) Martinez
Martinez, Martinez & Barrera, L.L.P.
1201 E. Van Buren
Brownsville, Texas 78520
Co-Counsel for Defendants

## CERTIFICATE OF SERVICE

I, certify that a true and correct copy of the foregoing instrument was forwarded to all counsel of record, in the manner set forth below, on this the 21ˢᵗ day of March,  2003.

**CMRRR # 7002 2410 0001 8744 6695**
Ms. Catherine W. Smith
Law Office of Ramon Garcia, P.C.
222 West University Drive
Edinburg, Texas 78539

F. Edward Barker

1







IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JESUS MORENO SILVA, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF MARIA SANTOS GARCIA BANDA, DECEASED, JESUS MORENO GARCIA, DORA MORENO GARCIA, BARBARA MORENO GARCIA, ADVIENTA MORENO GARCIA PRADO, SABINA MORENO GARCIA, MONICA MORENO GARCIA, SOCORRO MORENO GARCIA MENDOZA, JUAN PABLO MORENO GARCIA, MARIA SANTOS MORENO GARCIA , VALERIE MORENO GARCIA | § § § § § § § § § § § § § | |
| | § § | |
| VS. | § § | |
| AIRPAX ACQUISITION, L.L.C., AIRPAX CORPORATION, L.L.C. and AIPAX DE MEXICO, S.A. | § § § | "JURY" |

CIVIL ACTION NO. B-03-030

## AFFIDAVIT OF F. EDWARD BARKER

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF NUECES | § |

BEFORE ME, the undersigned authority, personally appeared F. Edward Barker, who, being by me duly sworn, stated:

1. My name is F. Edward Barker. I am over 18 years of age, of sound mind, capable of making this affidavit, and personally acquainted with the facts stated in it.

2. I am a Partner in the law firm of Barker, Leon, Fancher & Matthys, L.L.P.

3. I received from my client, Airpax Corporation, LLC., the attached true and correct copy of the driver's license for Magdaleno Alcocer Muniz, the driver of the truck. Said license was current at the time of the accident.

Further Affiant Sayeth Not

_F. Edward Barker_

SUBSCRIBED AND SWORN TO BEFORE ME on 3/21/03 _____, to certify which witness my hand and official seal.



ARLEEN R. PETRI
MY COMMISSION EXPIRES
December 8, 2008

Signature of notary public

Notary Public for the State of Texas

2

THE STATE OF TEXAS    §
                          §

COUNTY OF HARRIS    §

## AFFIDAVIT OF TRANSLATION

Before me, the undersigned Notary appears RAMON M. DEL VILLAR who, after being first duly sworn, deposes and says that the facts contained herein are true and correct and based upon his personal knowledge:

1.      "My name is Ramón Miguel del Villar.  I am over the age of twenty-one years and competent to make this affidavit.

2.      I am a court interpreter certified for Spanish/English proceedings by the Administrative Office of the United States Courts, and an attorney licensed in the State of Texas with Texas State Bar Number 00785814.

3.      I have been the Chief Interpreter for the United States District Court, Southern District of Texas since May of 1993.

4.      The process to become a certified court interpreter by the Administrative Office of the United States Courts, consists of a written examination followed by an oral examination. The written portion has historically been passed by only about 20% of the candidates taking it. Only if a candidate passes the written examination is the candidate allowed to take the oral portion.  The oral portion has historically been passed also by only about 20% of the candidates taking the oral examination.  The net result is that only about 4% of the candidates become federally certified court interpreters.  Since its inception after the passing of the Court Interpreters Act in 1978 (28 USC §1827), about 20,000 candidates have applied to take the examination and currently there are a little over 800 federally certified court interpreters all over the United States.

5.      I am the holder of license 292 as a State of Texas court interpreter.

6.      In the State of Texas a bill that established the licensing of court interpreters was enacted on January 1st 2002, but the examination procedures are yet to be implemented. Working court interpreters were "grandfathered" by means of a letter from the Judge Presiding of any court in which they had worked.

7.      I hereby certify that the 145 pages attached hereto are an English translation of Criminal Cause 197/2001 heard in the Republic of Mexico against Magdaleno Alcocer Muñiz.  I further certify that said translation is a fair and accurate translation of the Spanish language original."

FURTHER AFFIANT SAYETH NOT.



_____
RAMON M. DEL VILLAR


BEFORE ME, the undersigned Notary Public, appeared today RAMON M. DEL VILLAR who, having first been placed under oath, under his oath stated that he is the person whose signature appears affixed to the foregoing statement and further stated under his oath that what said statement contains is of his personal knowledge and true and correct.

SUBSCRIBED in Houston, Texas on this 7ᵗʰ day of November of 2002.



_____
Notary Public in and for the State of Texas

My commission expires: May 6, 2003

CYNTHIA SCHATZ
MY COMMISSION EXPIRES
May 6, 2003

2

HE RECIBIDO A MI ENTERA SATISFACCION DE LA ==
CANTIDAD DE 60,000.00 PESOS POR CONCEPTO DE REPARACION
DEL DAÑO, GASTOS FUNERALES E INDEMINIZACION MORAL ===
RESPECTO AL ACCIDENTE EN EL CUAL PERDIERA LA VIDA MI
ESPOSA LA C: MARIA ELENA GARCIA BANDA, EN EL ACCIDENTE
SUCITADO EL DIA DE HOY EN LAS CALLES MANUEL CAVAZOS =
LERMA Y GONZALEZ, DE ESTA CIUDAD, CANTIDAD RECIBIDA =
EN EFECTIVO  Y A MI ENTERA SATISFACCION.


JESUS MORENO SILVA

RECIBO DE CONFORMIDAD



TESTIGOS

JUAN PABLO MORENO GARCIA          OSCAR LUIS GARCIA CARREAGA



JORGE RODRIGUEZ LOPEZ.

## EXHIBIT "B"

I HAVE RECEIVED TO MY COMPLETE SATISFACTION THE PAYMENT IN THE
AMOUNT OF $60,000.00 PESOS FOR CONCEPT OF REPARATION OF DAMAGE,
FUNERAL EXPENSES AND MORAL INDEMNITY IN RESPECT TO THE ACCIDENT IN
WHICH MY WIFE, THE C: MARIA ELENA GARCIA BANDA, WOULD LOSE HER LIFE
IN THE DESCRIBED ACCIDENT TODAY ON THE STREETS MANUEL CAVAZOS
LERMA Y GONZALEZ, OF THIS CITY, AMOUNT RECEIVED IN CASH AND TO MY
COMPLETE SATISFACTION.

JESUS MORENO SILVA
RECEIPT OF CONFORMITY

WITNESSES

JUAN PABLO MORENO GARCIA          OSCAR LUIS GARCIA CARREAGA

JORGE RODRIGUEZ LOPEZ