IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

MAY 1 2 2003

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| JESUS MORENA SILVA, ET AL. | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. B-03-030 |
| AIRPAX ACQUISITION, L.L.C, ET AL. | § § § | |
| Defendants. | § | |



## ORDER

BE IT REMEMBERED that on May 9, 2003, the Court considered Plaintiffs' Motion To Remand [Dkt. No. 3].

## I.     Background

This case arises from an automobile accident in Matamoros, Mexico. A truck driver employed by Defendant Airpax de Mexico, S.A. ("Airpax Mexico" or "Airpax de Mexico"), drove a Texas registered truck owned by Defendant Airpax Corporation, L.L.C. ("Airpax Corp."), and ran over two Mexican women crossing a street. Both women died.

The decedents' survivors filed this lawsuit in the 404th Judicial District Court, Cameron County, Texas, on December 19, 2002, against three entities: Airpax Mexico; Airpax Corp.; and Airpax Acquisition, L.L.C. ("Airpax Acquisition"). Defendants Airpax Corp. and Airpax Acquisition, received citations for personal service via certified mail on January 2, 2003. Defendants removed the case to this Court on January 30, 2003.

II.  **Discussion**

  A.  **The Arguments: Defendants' Stated Basis For Removal And Plaintiffs' Motion To Remand**[1]

Defendants invoke this Court's diversity jurisdiction under 28 U.S.C. § 1332, claiming they have satisfied the twin requisites of complete diversity and amount in controversy. Defendants argue that Airpax Corp. is a Delaware corporation with its principal place of business in Maryland; that Airpax Acquisition is no longer a legal entity having become Airpax Corp.;[2] and that Airpax Mexico is a "mere department of Airpax Corporation, L.L.C. and as such its citizenship is that of its parent company." Plaintiffs admit that they are all Mexican citizens. Therefore, Defendants would have the Court conclude this is a case between Mexican Plaintiffs and a Delaware or Maryland Defendant, namely Airpax Corp. Defendants further argue that the amount in controversy exceeds $75,000 because this is a multiple decedent wrongful death action.

Plaintiffs assert two bases for their motion to remand. First, Plaintiffs argue that Defendants failed to timely file their notice of removal. Second, Plaintiffs argue that the presence of Mexican Plaintiffs and a Mexican Defendant, Airpax Mexico, defeats the complete diversity requirement.

Defendants do not address timeliness in their responses. However, they address the diversity issue, arguing that Airpax Mexico is either fraudulently joined or is a Delaware or Maryland corporation because it is a "mere department" of Airpax Corp.

---

[1] Plaintiffs filed a motion to remand. In its wake, the parties filed a raft of responses and replies arguing everything from the timeliness of the notice of removal to the one satisfaction rule under Texas law. None of the pleadings on the remand provide a clear and full analysis of the Court's subject matter jurisdiction; rather, both Plaintiffs and Defendants waste their time, and the Court's, accusing each other of misrepresentations and responding to those accusations. The Court, therefore, has sifted through the rhetoric and addresses the issues related to remand.

[2] Defendants argue and provide some evidence that Airpax Acquisition is simply a former name of Airpax Corp. For purposes of deciding the motion to remand the Court can and does treat Airpax Corp. and Airpax Acquisition as one and the same.

### B. Analysis

#### 1. Timeliness Of Removal

Plaintiffs argue that Defendants failed to timely file their notice of removal because Plaintiffs filed their lawsuit on December 19, 2002, and Defendants removed on January 30, 2003. This argument is specious.

Plaintiffs' argument is based on the faulty premise that the thirty day limit began to run on the day they filed their Original Petition. That is not the law. Rather, as made clear in § 1446(b), the thirty day limit begins to run upon "receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth a claim . . .." Defendants were served on January 2, 2003. They removed on January 30, 2003. By the Court's count, Defendants' notice of removal was well within the thirty day limit of § 1446(b).

#### 2. Diversity Jurisdiction

Defendants invoke this Court's jurisdiction under § 1332(a)(2), which provides as follows:

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . (2) citizens of a State and citizens or subjects of a foreign state

Plaintiffs are Mexican citizens. Therefore, if there is a Defendant which is a citizen or subject of a foreign state, *e.g.* Mexico, then the parties will not be completely diverse. *See, e.g., Giannakos v. M/V Bravo Trader*, 762 F.2d 1295, 1298 (5th Cir. 1985) ("Diversity does not exist where aliens are on both sides of the litigation.").

The parties agree that Airpax Corp. is a citizen of Delaware and Maryland. The parties dispute the citizenship of Airpax Mexico. Defendants argue that Airpax Mexico was fraudulently joined; therefore, its citizenship is irrelevant. Alternatively, Defendants argue that Airpax Mexico is "mere department" of Airpax Corp.; therefore, its citizenship is that of Airpax Corp.

##### a. Fraudulent Joinder

Defendants argue Airpax Mexico is fraudulently joined and its citizenship should

be disregarded, resulting in a case between Mexican Plaintiffs and a Delaware or Maryland Defendants. Thus postured, Defendants argue, the Court has subject matter jurisdiction and should deny Plaintiffs' motion to remand.

"The burden of persuasion placed upon those who cry 'fraudulent joinder' is indeed a heavy one." *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. Unit A Dec. 1981). To show fraudulent joinder, "the removing party must demonstrate either 'outright fraud in the plaintiff's recitation of jurisdictional facts' or that 'there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the [nondiverse] defendant in state court.'" *Rodriguez v. Sabatino*, 120 F.3d 589, 591 (5th Cir. 1997). All disputed questions of fact and all ambiguities in the controlling state law are resolved in favor of the nonremoving party. *See Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 100 (5th Cir. 1990). The question for the Court is not whether Plaintiffs will probably prevail in state court, but whether there is a reasonable possibility that the state court could find that Plaintiffs stated at least one valid cause of action against the nondiverse Defendant. *See Rodriguez*, 120 F.3d at 591.

To decide whether a defendant has been fraudulently joined, the Court employs a summary judgment-like procedure to pierce the pleadings and examine other evidence to determine the possibility that Plaintiffs can state a claim under state law against the nondiverse Defendant. *See B., Inc.*, 663 F.2d at 549 n.9. If the facts set out in Plaintifs' complaint, with the other materials submitted for the Court's summary judgment-like consideration, fail to show a reasonable possibility that Plaintiffs could succeed in establishing a claim against Airpax Mexico, its citizenship can be disregarded. "Whether the plaintiff has stated a valid state law cause of action depends upon and is tied to the factual fit between the plaintiffs' allegations and the pleaded theory of recovery." *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999).

Ultimately, the Court's task on the remand motion is to determine whether Defendants have carried their burden of showing either an outright fraud in the pleading of jurisdictional facts or there is absolutely no possibility Plaintiffs will be able to establish a cause of action against the non-diverse Defendant, Airpax Mexico, in state

court.

Defendants argue Airpax Mexico is fraudulently joined because (1) Plaintiffs "have not properly served Airpax de Mexico with service of citation;" (2) Airpax Mexico is not subject to personal jurisdiction in this Court; and (3) Plaintiffs could not enforce a money judgment against Airpax Mexico. These arguments fail.

### (1) Service Of Process And Personal Jurisdiction

A party makes a general appearance whenever it invokes the judgment of the court on any question other than jurisdiction. See Tex. R. Civ. P. 120 (West 2003);[3] see also St. Louis & S.F. R.R. v. Hale, 109 Tex. 251, 206 S.W. 75 (1918); Fridl v. Cook, 908 S.W.2d 507, 515 (Tex.App.–El Paso 1995, writ dismissed w.o.j.); Moore v. Elektro–Mobil Technik GmbH, 874 S.W.2d 324, 327 (Tex.App.–El Paso 1994, writ denied). In determining whether conduct is sufficient to be considered a general appearance, the focus is on affirmative action that impliedly recognizes the court's jurisdiction over the parties. See Fridl, 908 S.W.2d at 515.

In the state court proceedings, Defendants filed a motion to apply Mexican law. The first line of the motion reads "Comes [sic] now Defendants Airpax Acquisition, LLC, Airpax Corporation, LLC, and Airpax De Mexico, S.A., and files this it [sic] Motion to Apply Mexican Law . . .." Airpax Mexico's motion to apply Mexican law was an affirmative act recognizing the court's jurisdiction. See, e.g., Fridl, 908 S.W.2d at 515 (holding that motion to compel arbitration and to stay litigation was a general appearance). Airpax Mexico, accordingly, entered a general appearance in the state court proceedings, rendering service unnecessary. Hence, the state court had, and this Court has, personal jurisdiction over Airpax Mexico, and personal jurisdiction is not an impediment to Plaintiffs' recovery against Airpax Mexico.

---

[3] Texas Rule of Civil Procedure 120 states:

The defendant may, in person, or by attorney, or by his duly authorized agent, enter an appearance in open court. Such appearance shall be noted by the judge upon his docket and entered in the minutes, and shall have the same force and effect as if the citation had been duly issued and served as provided by law.

### (2) Enforcement Of A Money Judgment In Mexico

Defendants flatly state, without citation to any supporting authority, that a money judgment against Airpax Mexico "could not be the basis for seizure of assets belonging to Airpax de Mexico since all such assets remain in Mexico." Implicit in this argument is the assumption that an inability to collect upon a judgment renders Plaintiffs unable to state a cause of action against Airpax Mexico. Thus, Defendants conclude, Plaintiffs have fraudulently joined Airpax Mexico.

Both of Defendants' arguments fail. First, Texas judgments can be enforced in Mexico. *See* Roger R. Evans, *Enforcement of U.S. Judgments in Mexico: Illusion or Reality*, 64 TEX. B.J. 139, 146 (2001) (explaining the process for enforcing a Texas judgment in Mexico). Second, Defendants fail to explain how a supposed inability to collect on a Texas money judgment in Mexico demonstrates either outright fraud in Plaintiffs' recitation of jurisdictional facts or that there is absolutely no possibility Plaintiffs will be able to establish a cause of action against the nondiverse Defendant in state court.

### b. Piercing The Corporate Veil – The "Mere Department" Argument

Defendants spend much of their briefs rehashing the argument that "Airpax de Mexico is a mere department of Airpax Corporation L.L.C. and as such its citizenship is that of its parent company." That is not the law. *See Panalpina Welttransport GmBh v. Geosource, Inc.*, 764 F.2d 352, 354 (5th Cir. 1985) (holding that a parent corporation takes on the citizenship of its subsidiary if the alter ego doctrine applies).[4]

---

[4] Defendants cite *ESI, Inc. v. Coastal Corp.*, 61 F. Supp.2d 35 (S.D.N.Y. 1999), for the proposition that a subsidiary that is a mere department of its parent corporation takes the citizenship of its parent. Defendants do not offer a pinpoint citation, so the Court read the entire forty-six page opinion only to discover that *ESI* is a personal jurisdiction case standing for the proposition that New York courts can exercise personal jurisdiction over a foreign parent corporation if the acts of the in state subsidiary can be imputed to the foreign parent, and *vice versa*. *See id.* at 51. This case is factually and legally irrelevant to the instant case for several reasons, the most obvious being that (1) it concerns personal jurisdiction, not subject matter jurisdiction and (2) it applies New York's long arm statute.

As a threshold matter the Court determines the corporate relationship between Airpax Corp. and Airpax Mexico. Defendants argue Airpax Mexico is a "mere department" of Airpax Corp. In fact, Airpax Corp. is the parent and Airpax Mexico is its wholly owned subsidiary. *See* Defs.' Mot. To Apply Mexican Law, at p.3; *see also* Rabasca Aff. ¶8 & attachment G.

The next issue for the Court to determine is the citizenship of Airpax Mexico. A corporation incorporated in a foreign country is a citizen of that country for purposes of diversity jurisdiction. *See Nat'l Steamship Co. v. Tugman*, 106 U.S. 118 (1882); *Jerguson v. Blue Dot Inv., Inc.*, 659 F.2d 31 (5th Cir.), *cert. denied*, 456 U.S. 946 (1981). Like a domestic corporation, an alien corporation may add an additional place of citizenship for diversity purposes if its principal place of business is within one of the states of the United States. *See Jerguson*, 659 F.2d at 35. First, Airpax Mexico is a organized under the laws of Mexico. *See* Defs.' Mot. To Apply Mexican Law, at p.3 & Appendix 5. Second, Airpax Mexico is "engaged wholly in business in Mexico." *See id.* Therefore, for diversity jurisdiction purposes, Airpax Mexico is a Mexican citizen.

Having established (1) the corporate relationship between Airpax Corp. and Airpax Mexico (parent-subsidiary, respectively) and (2) the citizenship of Airpax Corp. (Maryland and Delaware) and the citizenship of Airpax Mexico (Mexican), the Court must determine the citizenship of Airpax Corp. if the corporate veil is pierced.

Either a subsidiary or a parent may gain additional places of citizenship for purposes of diversity jurisdiction if it is consolidated with another corporation or if it is the alter ego of another corporation. *See Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553 (5th Cir. 1985). For example, when a subsidiary is the alter ego of a parent, the parent is deemed to be a citizen of (1) the place where it is incorporated, (2) the

---

Defendants undermine their fraudulent joinder arguments by citing *ESI*. If the Court were to accept Defendants' argument and pierce the corporate veil between Airpax Corp. and Airpax Mexico, then it would be likely that the Court would have personal jurisdiction under Texas' long arm statute. *See Hargrave v. Fibreboard Corp.*, 710 F.2d 1154, 1159 (5th Cir. 1983); *Walker v. Newgent*, 583 F.2d 163, 167 (5th Cir. 1978). Moreover, piercing the corporate veil would enable Plaintiffs to collect from Airpax Corp. on a money judgment against Airpax Mexico.

place where its subsidiary is incorporated, and (3) the place where it has its principal place of business. See *Panalpina Welttransport GmBh*, 764 F.2d at 354. Through multiple places of incorporation, principal place of business, and alter ego or consolidation doctrines, a corporation may become the citizen of several places for purposes of diversity jurisdiction. A party cannot, however, pick and choose among the places of citizenship ignoring one or more in an effort to preserve diversity jurisdiction.

> **[T]he alter ego doctrine cannot be used to preserve diversity jurisdiction by ignoring the place of incorporation of the subsidiary and treating the subsidiary as if it were only a citizen of the state of incorporation of the dominant corporation.** . . . [T]he alter ego doctrine may be used to add places of citizenship to the abrogation of diversity jurisdiction but may not be used to extend such jurisdiction. Consistent therewith, if a parent were sued as a result of activities of a subsidiary, the alter ego doctrine would attribute the subsidiary's place of incorporation to the parent even if such resulted in destroying complete diversity.

*Panalpina Welttransport GmBh*, 764 F.2d at 354 (citing *Fritz v. American Home Shield Corp.*, 751 F.2d 1152 (11th Cir.1985)) (emphasis added).

Piercing the corporate veil and finding Airpax Mexico the alter ego of Airpax Corp. would result in Airpax Corp. being a citizen of Delaware (its place of incorporation), Maryland (its principal place of business), and Mexico (the place where its subsidiary is incorporated). As a result, this lawsuit would be between two aliens; this Court would be without diversity jurisdiction; and this case would be remanded. The Court specifically refrains from piercing the corporate veil despite Defendants' insistence and the formidable evidence they present.

### III.    Conclusion

The Court does not have diversity jurisdiction because this case is between aliens. Mexican Plaintiffs are suing Defendants Airpax Mexico (Mexican) and Airpax Corp. (Delaware and Maryland); thus, the parties are not completely diverse. Plaintiffs' Motion To Remand [Dkt. No. 3] is hereby **GRANTED**, and pursuant to 28 U.S.C. § 1447(c), this case is remanded to the 404th Judicial District Court of Cameron County, Texas. The Clerk of the Court shall effect the remand immediately.

Furthermore, the Court forewarns the parties that motions for reconsideration will

not be entertained unless the motion (1) states the applicable Federal Rule of Civil Procedure for a motion to reconsider and (2) cites legally and factually relevant law.

DONE at Brownsville, Texas, this 9th day of May 2003.

_____
Hilda G. Tagle
United States District Judge